# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL MACDONALD,<br><br>        Plaintiff,<br><br>    v.<br><br>THE UNIVERSITY OF ALASKA, *et al.*,<br><br>        Defendants. | Case No. 1:20-cv-00001-SLG |

## ORDER RE PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Before the Court at Docket 4 is Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction.[1] Plaintiff has requested oral argument on an expedited basis, but oral argument was not necessary to the Court's determination.[2]

In his Complaint, Plaintiff asserts 10 causes of action against The University of Alaska, Sara Childress, Chase Parkey, Sean McCarthy, Jon Tillinghast, and John Does 1–25 ("Defendants"), including: several violations of the Fifth and Fourteenth Amendment; conspiracy to deprive Plaintiff of his due process rights

---

[1] Due to the coronavirus pandemic, by Miscellaneous General Order 20-11, the District of Alaska imposed a stay on all civil matters for 30 days, effective March 30, 2020. Due to the asserted emergency nature of the motion, the undersigned judge, presiding in this matter, hereby lifts the stay in this case. *See* Miscellaneous General Order 20-11 at 6–7.

[2] Docket 4 at 1.

under the Fifth and Fourteenth Amendments; violation of Alaska's Administrative Procedures Act, AS 44.62.010, *et seq.*; breach of contract; breach of express warranty; and two negligence claims.[3] He requests a jury trial and seeks declaratory judgment, injunctive relief, actual damages, punitive damages, and costs and fees.[4]

Relevant to the instant motion,[5] Plaintiff's unverified Complaint, signed only by his counsel, alleges the following facts: On November 8, 2019, Plaintiff, a student and part-time residence assistant at the University of Alaska ("UA"), received a letter from Sarah Childress, Title IX Coordinator for UA, informing him that he was under investigation for sexual harassment and non-consensual sexual contact.[6] The letter stated that Chase Parkey, acting Title IX Coordinator for UA Southeast, would be conducting the investigation.[7] The Complaint states that

---

[3] Docket 1 at 15–34, ¶¶ 70–165.

[4] Docket 1 at 34–35, ¶¶ 166–67.

[5] Plaintiff bases his request for injunctive relief on two constitutional claims. The instant motion only discusses those two claims and states:

> Plaintiff brings this motion and the associated lawsuit claiming that the conduct of the investigation has violated his due process rights, breached the contract he had with UA incorporating the sexual harassment policy, and that UA violated the Alaska administrative procedures act. He also brings other claims which are not subject to this motion for a TRO/preliminary injunction.

Docket 4 at 8.

[6] Docket 1 at 3–4, 6, ¶¶ 7, 14, 29; *see also* Docket 4-2 (letter).

[7] Docket 1 at 6, ¶ 29; *see also* Docket 4-2 at 2.

Case No. 1:20-cv-00001-SLG, *MacDonald v. University of Alaska, et al.*
Order re Emergency Motion for a Temporary Restraining Order and Preliminary Injunction
Page 2 of 7
Case 1:20-cv-00001-SLG   Document 10   Filed 04/17/20   Page 2 of 7

"[r]eference to UA's sexual harassment policy . . . was made within the letter implying that the investigation would be conducted in accordance with that policy."[8]

The Complaint alleges that Mr. Parkey conducted the investigation in a way that violated Plaintiff's due process rights.[9] The Complaint claims that Mr. Parkey's "inappropriate conduct during the investigation virtually assured that Plaintiff would not be given a fair and equitable treatment of the allegations lodged against him," and that this "conduct . . . violated Plaintiff's right to due process guaranteed under the Fifth Amendment of the U.S. Constitution."[10]

Plaintiff raised these concerns in a January 27, 2020 letter addressed to Mr. Parkey and the UA administration.[11] The Complaint alleges that "[a]s a result of the letter, [Mr.] Parkey was removed from the investigation,"[12] but asserts that "UA intends to continue the investigation."[13]

The Complaint next alleges that the investigation was not completed within the 50-day timeframe prescribed by UA's policy on sexual and gender-based

---

[8] Docket 1 at 7, ¶ 29. Plaintiff has attached UA's policy on sexual and gender-based discrimination as an exhibit to the instant motion. Docket 4-1.

[9] Docket 1 at 7–12, ¶¶ 33–53.

[10] Docket 1 at 11–12, ¶ 50–53.

[11] Docket 1 at 11, ¶ 49. Plaintiff attached a copy of this letter as an exhibit to the instant motion. Docket 4-3.

[12] Docket 1 at 11, ¶ 49.

[13] Docket 1 at 16, ¶ 72. In a March 2, 2020 letter, attached as an exhibit to the instant motion, Ms. Childress informed Plaintiff that a new investigator would be assigned to his case. Docket 4-4 at 2. There is no evidence in the record of any activity in the investigation since that date.

Case No. 1:20-cv-00001-SLG, *MacDonald v. University of Alaska, et al.*
Order re Emergency Motion for a Temporary Restraining Order and Preliminary Injunction
Page 3 of 7

Case 1:20-cv-00001-SLG   Document 10   Filed 04/17/20   Page 3 of 7

discrimination.[14] Since Plaintiff was informed of the investigation on November 8, 2019, the Complaint alleges that "the investigation was to be completed by December 28, 2019."[15] The Complaint claims that "Plaintiff was entitled to due process under the Fifth and Fourteenth Amendments to the U.S. [Constitution] to have allegations investigated following the policies set forth by UA," and that "continuing to investigate this matter violates Plaintiff's due process rights."[16]

Contending that he has raised serious questions going to the merits of these two claims and that the continuation of UA's investigation will harm him irreparably, Plaintiff requests a temporary restraining order and a preliminary injunction.[17] Plaintiff requests that the Court "enjoin UA and its agents from continuing with their investigation" and "order that UA allow Plaintiff to complete his studies at UA with no references to the allegations of sexual harassment and non-consensual sexual contact."[18]

---

[14] Docket 1 at 6, ¶ 28 (emphasis in original); *see also* Docket 4-1 at 19 (policy stating that "[w]ithin approximately 50 calendar days from the date the complaint was filed, the final investigative report will be completed and the Title IX coordinator will notify the parties of the outcome of the investigation . . . .")

[15] Docket 1 at 7, ¶ 30.

[16] Docket 1 at 13, ¶¶ 57–58.

[17] Docket 4 at 12–22.

[18] Docket 4 at 23–24.

Case No. 1:20-cv-00001-SLG, *MacDonald v. University of Alaska, et al.*
Order re Emergency Motion for a Temporary Restraining Order and Preliminary Injunction
Page 4 of 7
Case 1:20-cv-00001-SLG   Document 10   Filed 04/17/20   Page 4 of 7

## LEGAL STANDARD

The standard for obtaining a temporary restraining order is the same as that for a preliminary injunction. In *Winter v. Natural Resources Defense Council, Inc.*, the United States Supreme Court held that plaintiffs seeking preliminary injunctive relief must establish that "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest."[19] *Winter* was focused on the second element, and clarified that irreparable harm must be likely, not just possible, for an injunction to issue.[20]

Following *Winter*, the Ninth Circuit addressed the first element—the likelihood of success on the merits—and held that its "serious questions" approach to preliminary injunctions was still valid "when applied as a part of the four-element *Winter* test."[21] Accordingly, if a plaintiff shows "that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor."[22]

---

[19] *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

[20] *See Winter*, 555 U.S. at 25; *see also All for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

[21] *See All. for the Wild Rockies*, 632 F.3d at 1131–35.

[22] *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (emphasis in original) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

Case No. 1:20-cv-00001-SLG, *MacDonald v. University of Alaska, et al.*
Order re Emergency Motion for a Temporary Restraining Order and Preliminary Injunction
Page 5 of 7
Case 1:20-cv-00001-SLG   Document 10   Filed 04/17/20   Page 5 of 7

Injunctive relief is an equitable remedy, and "[t]he essence of equity jurisdiction is the power of the court to fashion a remedy depending upon the necessities of the particular case."[23]

## DISCUSSION

Based on the record before it, the Court finds that Plaintiff has not made the requisite showing that he is likely to suffer irreparable harm in the absence of preliminary injunctive relief. Plaintiff's complaint is unverified; he has not filed a sworn statement or other evidence to support his allegations.[24] In his motion, Plaintiff asserts that immediate relief is necessary since "UA has sought to re-interview Plaintiff by the new investigator within the next week or so,"[25] but no evidence in the record before the Court supports this assertion.[26] The Court does not intend to discount the severity of Plaintiff's alleged constitutional injury,[27] but

---

[23] *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1022 (9th Cir. 2009) (citing *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175 (9th Cir. 1987)).

[24] *Cf.* Fed. R. Civ. P. 65(b) (allowing issuance of temporary restraining order without notice only where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition").

[25] Docket 4 at 6; *see also id.* at 8 ("Time is of the essence" because "Defendants are intending to continue the investigation by interviewing Plaintiff within the next week or so."); *id.* at 20 ("UA is seeking to interview Plaintiff, probably in the next week. As such, Plaintiff respectfully requests that this Court act quickly in considering this motion.").

[26] The only indication in the record that the investigation is ongoing is the March 2, 2020 letter stating that a new investigator would be assigned to Plaintiff's case. Docket 4-4 at 2.

[27] *See* Docket 4 at 20–22 (contending that Plaintiff's constitutional injuries show a likelihood of irreparable harm).

Case No. 1:20-cv-00001-SLG, *MacDonald v. University of Alaska, et al.*
Order re Emergency Motion for a Temporary Restraining Order and Preliminary Injunction
Page 6 of 7

Case 1:20-cv-00001-SLG   Document 10   Filed 04/17/20   Page 6 of 7

Plaintiff simply has not offered any evidence that establishes that irreparable harm is likely in the absence of preliminary injunctive relief.[28]

## CONCLUSION

In light of the foregoing, Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction at Docket 4 is DENIED without prejudice.

DATED this 17th day of April, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[28] "[A] plaintiff must show that she 'is likely to suffer irreparable harm in the absence of preliminary relief.' [The Ninth Circuit] has ruled that '[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.'" *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1022 (9th Cir. 2016) (alteration and emphasis in original) (first quoting *Winters v. Nat. Resources Def. Council*, 555 U.S. 7, 20 (2008); then quoting *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988)).

Case No. 1:20-cv-00001-SLG, *MacDonald v. University of Alaska, et al.*
Order re Emergency Motion for a Temporary Restraining Order and Preliminary Injunction
Page 7 of 7

Case 1:20-cv-00001-SLG   Document 10   Filed 04/17/20   Page 7 of 7