# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL MACDONALD,<br><br>        Plaintiff,<br><br>      v.<br><br>THE UNIVERSITY OF ALASKA, *et al.*,<br><br>        Defendants. | Case No. 1:20-cv-00001-SLG |

## ORDER RE PLAINTIFF'S RENEWED EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

On April 15, 2020, Plaintiff Daniel MacDonald filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction,[1] which the Court denied without prejudice, finding that Plaintiff had not presented any evidence to support his claim that irreparable injury was likely in the absence of preliminary injunctive relief.[2] Plaintiff filed a Renewed Emergency Motion for a Temporary Restraining Order and Preliminary Injunction on April 19, 2020, which is now before the Court.[3] For the reasons set forth below, the Court denies Plaintiff's

---

[1] Docket 4.

[2] Docket 10. The order also vacated the District of Alaska's stay in this particular case. Yesterday, the district court issued Miscellaneous General Order 20-13, which extended the stay of all civil cases until June 1, 2020. The lifting of the stay in this case extends to the additional time frame of the stay. *See* MGO 20-13 at 6.

[3] Docket 11.

renewed request for a temporary restraining order, and establishes a briefing schedule for the preliminary injunction motion.[4]

In his Complaint, Plaintiff asserts ten causes of action against The University of Alaska, Sara Childress, Chase Parkey, Sean McCarthy, Jon Tillinghast, and John Does 1–25 ("Defendants"), including: several violations of the Fifth and Fourteenth Amendment; conspiracy to deprive Plaintiff of his due process rights under the Fifth and Fourteenth Amendments; violation of Alaska's Administrative Procedures Act, AS 44.62.010, *et seq.*; breach of contract; breach of express warranty; and two negligence claims.[5] He requests a jury trial and seeks a declaratory judgment, injunctive relief, actual damages, punitive damages, and costs and fees.[6]

The Court discussed the relevant facts in its previous order and will provide only a brief summary here.[7] In a declaration attached as an exhibit to the instant motion, Plaintiff states that he is a senior at the University of Alaska ("UA"), where he is currently under investigation for sexual harassment and non-consensual

---

[4] Plaintiff has requested oral argument on an expedited basis, Docket 11 at 1, but oral argument was not necessary to the Court's determination on this issue. The Court will decide whether oral argument and/or an evidentiary hearing is necessary on the preliminary injunction motion after briefing is complete.

[5] Docket 1 at 15–34, ¶¶ 70–165.

[6] Docket 1 at 34–35, ¶¶ 166–67.

[7] *See* Docket 10 at 2–4.

Case No. 1:20-cv-00001-SLG, *MacDonald v. University of Alaska, et al.*
Order re Renewed Emergency Motion for a Temporary Restraining Order and Preliminary Injunction
Page 2 of 9
Case 1:20-cv-00001-SLG   Document 13   Filed 04/21/20   Page 2 of 9

sexual contact.[8] Plaintiff states that after reviewing the transcripts of interviews conducted by Mr. Parkey, who was leading the investigation, he "became concerned that Mr. Parkey had conducted the interviews in a manner that was both unprofessional and tainted the witnesses."[9] Plaintiff states that he raised these concerns to the UA administration in a January 27, 2020 letter and was informed on March 2, 2020 that "Mr. Parkey had been removed as the investigator and that a new investigator would be appointed."[10] Plaintiff states that the new investigator, Mr. Tillinghast, asked to interview him in "early April," and that Ms. Childress sent him an email on April 14, 2020, "informing [him] that if [he] did not agree to be re-interviewed by Mr. Tillinghast by close of business on . . . April 17, the investigation would proceed without my input."[11]

Plaintiff bases his request for a temporary restraining order on his claims that Mr. Parkey's conduct and UA's failure to conclude the investigation within a

---

[8] Docket 11-2 at 3, 4, ¶¶ 1, 11; *see also* Docket 1 at 3–4, 6, ¶¶ 7, 14, 29; *see also* Docket 4-2 (letter initiating investigation).

[9] Docket 11-2 at 4, ¶ 17. The Complaint alleges that Mr. Parkey's conduct "assured that Plaintiff would not be given a fair and equitable treatment of the allegations lodged against him." Docket 1 at 7–12, ¶ 33–53. Plaintiff has not filed the transcripts of Mr. Parkey's interviews with the Court and explains that they are not in his possession. *See* Docket 11 at 14 n. 2 ("Those transcripts are solely in the possession of Defendants and were only made available to Plaintiff for a brief time for him to review.").

[10] Docket 11-2 at 5, ¶¶ 18–19; *see also* Docket 1 at 16, ¶ 72; Docket 4-4 at 2 (email from Ms. Childress).

[11] Docket 11-2 at 5, ¶¶ 21–23. The April 14 email is attached as an exhibit to the instant motion. Docket 11-8.

Case No. 1:20-cv-00001-SLG, *MacDonald v. University of Alaska, et al.*
Order re Renewed Emergency Motion for a Temporary Restraining Order and Preliminary Injunction
Page 3 of 9
Case 1:20-cv-00001-SLG   Document 13   Filed 04/21/20   Page 3 of 9

timely manner violated Plaintiff's procedural due process rights under the Fifth and Fourteenth Amendments.[12] Plaintiff states that he has been "under severe emotional distress" during the pendency of the investigation; "ha[s] been severely depressed and ha[s] attempted suicide on multiple occasions"; and that his "physical health has also suffered," as evidenced by a loss of weight.[13] Plaintiff further states that "[t]he pending allegations have disrupted [his] ability to gain admittance to a graduate program" in his chosen field of archaeology because he has been "unable to obtain the necessary letters of recommendation."[14] Finally, Plaintiff states that he "has lost many friends because the complainants in this matter have spread the word throughout UA that [he is] a sexual predator," a disclosure he states "occurred, at least in part, due to the unprofessional conduct of [Mr.] Parkey."[15]

Contending that he has raised serious questions going to the merits of his claims and that the continuation of UA's investigation will harm him irreparably, Plaintiff requests a temporary restraining order and a preliminary injunction.[16] Plaintiff requests that the Court "enjoin UA and its agents from continuing with their

---

[12] Docket 11 at 13–21; *see also* Docket 1 at 11–12, 13 ¶¶ 50–53, 57–58.

[13] Docket 11-2 at 6, ¶¶ 25–27.

[14] Docket 11-2 at 6, ¶ 28.

[15] Docket 11-2 at 6, ¶ 29.

[16] Docket 11 at 11–25.

Case No. 1:20-cv-00001-SLG, *MacDonald v. University of Alaska, et al.*
Order re Renewed Emergency Motion for a Temporary Restraining Order and Preliminary Injunction
Page 4 of 9

investigation" and "order that UA allow Plaintiff to complete his studies at UA with no references to the allegations of sexual harassment and non-consensual sexual contact."[17]

## LEGAL STANDARD

The standard for obtaining a temporary restraining order is the same as that for a preliminary injunction. In *Winter v. Natural Resources Defense Council, Inc.*, the United States Supreme Court held that plaintiffs seeking preliminary injunctive relief must establish that "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest."[18] *Winter* was focused on the second element, and clarified that irreparable harm must be likely, not just possible, for an injunction to issue.[19]

Following *Winter*, the Ninth Circuit addressed the first element—the likelihood of success on the merits—and held that its "serious questions" approach to preliminary injunctions was still valid "when applied as a part of the four-element *Winter* test."[20] Accordingly, if a plaintiff shows "that there are 'serious questions

---

[17] Docket 11 at 24–25.

[18] *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

[19] *See Winter*, 555 U.S. at 25; *see also All for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

[20] *See All. for the Wild Rockies*, 632 F.3d at 1131–35.

Case No. 1:20-cv-00001-SLG, *MacDonald v. University of Alaska, et al.*
Order re Renewed Emergency Motion for a Temporary Restraining Order and Preliminary Injunction
Page 5 of 9
Case 1:20-cv-00001-SLG   Document 13   Filed 04/21/20   Page 5 of 9

going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor."[21]

Injunctive relief is an equitable remedy, and "[t]he essence of equity jurisdiction is the power of the court to fashion a remedy depending upon the necessities of the particular case."[22]

## DISCUSSION

With his renewed motion, Plaintiff has now filed a declaration providing some evidence in support of his motion. However, based on that evidence, the Court finds that Plaintiff has not shown he is likely to suffer immediate and irreparable harm unless the Court enters an order that immediately suspends UA's investigation until the Court rules on Plaintiff's request for a preliminary injunction.[23] Plaintiff states that he is emotionally distressed and that his reputation has suffered as a result of Mr. Parkey's alleged misconduct and mishandling of the

---

[21] *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (emphasis in original) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

[22] *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1022 (9th Cir. 2009) (citing *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175 (9th Cir. 1987)).

[23] *Cf.* Fed. R. Civ. P. 65(b)(1)(A) ("The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."). Here Plaintiff indicates that he has provided Defendants notice of his motion. Docket 11 at 265 (certificate of service).

Case No. 1:20-cv-00001-SLG, *MacDonald v. University of Alaska, et al.*
Order re Renewed Emergency Motion for a Temporary Restraining Order and Preliminary Injunction
Page 6 of 9
Case 1:20-cv-00001-SLG   Document 13   Filed 04/21/20   Page 6 of 9

investigation.[24]  However,  Mr. Parkey is no longer conducting the investigation, as he has been replaced by Mr. Tillinghast.[25]

Plaintiff also contends that he faces irreparable injury because "[i]t is highly unlikely that Plaintiff can receive a fair and impartial adjudication of the charges" as a result of Mr. Parkey's alleged misconduct.[26]  He seeks an order that would suspend UA's investigation.[27]  But Plaintiff has not provided evidence to show that UA is likely to conclude its investigatory process and take disciplinary action, if it determines any is appropriate, before the Court can reach a decision on Plaintiff's request for a preliminary injunction.[28]  The Court therefore finds Plaintiff's alleged harm too speculative to merit immediate emergency relief.[29]

---

[24] Docket 11-2 at 6, ¶¶ 25–29.

[25] Docket 11-2 at 5, ¶ 22.  The Court does not decide this issue here, but also questions whether Plaintiff has shown a likelihood of success on the merits of his procedural due process claims. Discussing the elements of a procedural due process claim, the Ninth Circuit has explained that "'reputation alone, apart from some more tangible interests,' does not constitute '"liberty" or property' by itself sufficient to invoke the procedural protection of the Due Process Clause.'" *Krainski v. Nevada ex rel. Bd. Of Regents of the Nev. Sys. Of Higher Educ.*, 616 F.3d 963, 971 (9th Cir. 2010) (quoting *Paul v. Davis*, 424 U.S. 693, 693, 701, 709–10 (1976)).  The Court requests that the parties address this question in their briefing.

[26] Docket 11 at 22.

[27] Docket 11 at 24–25.

[28] The Court further questions whether Plaintiff's procedural due process claim is ripe, given that the investigation has not yet concluded, and no disciplinary action has yet been taken.  *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)).  The Court requests that the parties also address this question in their briefing.

[29] *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely*

Case No. 1:20-cv-00001-SLG, *MacDonald v. University of Alaska, et al.*
Order re Renewed Emergency Motion for a Temporary Restraining Order and Preliminary Injunction
Page 7 of 9
Case 1:20-cv-00001-SLG   Document 13   Filed 04/21/20   Page 7 of 9

Plaintiff contends that "[d]uring the pendency of this investigation, [he] has suffered and continues to suffer severe emotional distress" and that "the longer Plaintiff has to wait for relief, the more irreparable the harm he will suffer."[30] But a temporary restraining order that suspended UA's investigation during the pendency of this case would prolong the circumstances that are the source of Plaintiff's alleged harm.  As to the additional relief that Plaintiff seeks, "an order that UA allow [him] to complete his studies at UA with no references to the allegations of sexual harassment and non-consensual sexual contact,"[31] it is not at all clear that such relief on the merits would be available to Plaintiff at this preliminary stage of the proceedings.[32]

## CONCLUSION

In light of the foregoing, Plaintiff's Renewed Emergency Motion for a Temporary Restraining Order and Preliminary Injunction at Docket 11 is DENIED IN PART as follows:

Plaintiff's requests for a temporary restraining order and for expedited oral argument are DENIED.

---

in the absence of an injunction." (emphasis in original)).

[30] Docket 11 at 22–23.

[31] Docket 11 at 25.

[32] *But see* Federal Rule of Civil Procedure 65(a)(2), which allows for the consolidation of a trial on the merits with a hearing on an evidentiary hearing on a preliminary injunction motion.

Case No. 1:20-cv-00001-SLG, *MacDonald v. University of Alaska, et al.*
Order re Renewed Emergency Motion for a Temporary Restraining Order and Preliminary Injunction
Page 8 of 9
Case 1:20-cv-00001-SLG   Document 13   Filed 04/21/20   Page 8 of 9

Defendants shall file their response to the motion for a preliminary injunction no later than fourteen days from the date of this order.  Plaintiff may file a reply no later than seven days after the filing of Defendants' response.

IT IS SO ORDERED.

DATED this 21st day of April, 2020 at Anchorage, Alaska.

>  */s/ Sharon L. Gleason*
> UNITED STATES DISTRICT JUDGE

Case No. 1:20-cv-00001-SLG, *MacDonald v. University of Alaska, et al.*
Order re Renewed Emergency Motion for a Temporary Restraining Order and Preliminary Injunction
Page 9 of 9
Case 1:20-cv-00001-SLG   Document 13   Filed 04/21/20   Page 9 of 9