Keith Altman (*pro hac vice*)
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
(516)456-5885
kaltman@lawampmmt.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL MACDONALD,<br><br>        PLAINTIFF,<br><br>V.<br><br>THE UNIVERSITY OF ALASKA, SARA CHILDRESS IN HER INDIVIDUAL AND SUPERVISORY CAPACITY, CHASE PARKEY IN HIS INDIVIDUAL AND SUPERVISORY CAPACITY, SEAN MCCARTHY, JON TILLINGHAST, AND JOHN DOES 1-25 | Case: 1:20-cv-00001-SLG<br>Hon: Sharon L. Gleason |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S RENEWED EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION**

**ORAL ARGUMENT REQUESTED ON AN EXPEDITED BASIS**

# TABLE OF CONTENTS

INTRODUCTION _____ 1
ARGUMENT _____ 2
   I.  Plaintiff's Due Process Rights Will be Violated if the Investigation Is Allowed to Continue _____ 2
      A.  The Investigation Was Not Conducted in a Timely Manner _____ 2
      B.  Defendant Parkey Tainted the Witnesses _____ 3
   II.  "Serious Questions" is the Proper Standard Because the Balance of Hardships Favors Plaintiff _____ 5
   III.  *Younger* Abstention is Not Implicated Here _____ 8
   IV.  UA is Subject to The Alaska Administrative Procedures Act _____ 9
   V.  Defendants Used Illegal Surveillance _____ 9
CONCLUSION _____ 10
CERTIFICATE OF SERVICE _____ 12

# INTRODUCTION

To be clear, Plaintiff's position is not that the investigation should be delayed. The investigation ***should not be allowed to proceed*** because (1) it is untimely and (2) even if it were not untimely, it has been so tainted that Plaintiff can never receive a fair adjudication. Defendants skirt around that the investigative process at UA provides significantly less procedural protections to Plaintiff than if he were being charged criminally. There is no cross-examination of witnesses[1]. There is no adherence to any rules of evidence[2]. The standard of proof is the preponderance of the evidence[3]. Taken together, these rules magnify the adverse effects of improper procedures as in this case. As such this Court must review the lapses in Defendants' conduct of the investigation and hold Defendants to strict compliance.

Defendants' Opposition to Plaintiff's motion is nothing but a weak attempt to evade the obvious: UA did not conduct its investigation following its policies and procedures. These lapses are material and prevent Plaintiff from receiving a fair adjudication of the charges against him. Furthermore, the consequences of an adverse finding can be life-altering for Plaintiff. This Court must hold Defendants accountable for their failures and find that UA may not continue the investigation. Should the investigation be allowed to proceed, Plaintiff will suffer irreparable harm as discussed in more detail in the principal brief.

---

[1] See ECF # 11-3, p. 18 of 23, R01.04.090(5)
[2] Id., R01.04.090(3)
[3] Id., at p. 19 of 23, R01.04.090(8)

Reply to Renewed Emergency Motion for TRO, MacDonald v. UA, et al., 1:20-cv-00001

# ARGUMENT

## I. Plaintiff's Due Process Rights Will Be Violated if the Investigation Is Allowed to Continue

### A. The Investigation Was Not Conducted in a Timely Manner

In their opposition, Defendants concede that the investigation was not conducted in a timely manner. They then try to blame Plaintiff for the delay. Plaintiff was entitled to an investigation to be conducted in approximately 50 days and to be notified if that date was being extended for good cause[4]. The investigation was not conducted in the specified time nor was Plaintiff notified that it would be extended and why. Both violate Plaintiff's due process rights, violate the AK Administrative Procedures Act, and breach the contract between UA and Plaintiff.

What Defendants fail to justify is why they did not seek additional time to complete the investigation. As discussed more fully in Plaintiff's brief at pp. 14-16 at no time did Defendants ever inform Plaintiff that the investigation was being extended for good cause. Even if one were to "charge" Plaintiff for the three weeks in which he sought to investigate the matter before being interviewed, the investigation should have been completed by the middle of January and certainly before January 27, 2020. Also, there is no evidence that Plaintiff was informed that his request to meet on December 13, 2020 was going to lead to the investigation being extended.

A review of the declaration of Defendant Sara Childress, ECF # 16 shows that there is no evidence that Plaintiff was informed that the investigation was

---

[4] See ECF # 11-3, p. 19 of 23.

Reply to Renewed Emergency Motion for TRO, MacDonald v. UA, et al., 1:20-cv-00001     2

being extended for good cause[5]. Of note is that the investigator was unavailable from 11/25/2020 through 12/06/2020[6]. This period overlaps with the request for Plaintiff to investigate the matter before his interview. It is unfair to suggest that investigation was delayed solely because of Plaintiff when Defendant Parkey was unavailable for approximately half the time.

In any event, Plaintiff's request did not delay the investigation at all. He simply asked for time to investigate the claims with his attorney. He was never informed that this would lead to the investigation time being extended. Nothing stopped UA from continuing the investigation during that period except that the investigator was not available.

Since the investigation was not conducted in a timely manner as required under the policies and Plaintiff was never informed that the investigation would be extended and why, the investigation should be considered concluded no later than January 15, 2020 without a finding of responsibility. Any attempt to continue the investigation against the policies is a violation of Plaintiff's due process rights.

**B. Defendant Parkey Tainted the Witnesses**

It will be difficult, if not impossible, for Plaintiff to receive a fair adjudication of the charges against him because of Defendant Parkey's unprofessional conduct and tainting of the witnesses. While Plaintiff identified certain instances of Parkey's misdeeds in the complaint and motion, that was

---

[5] Curiously, the accuracy of the timeline on pages 5-8 of ECF # 16. On 11/22/2019 it states that the interview with Plaintiff was set for 12/13/2019. The timeline then shows that the interview took place of 12/12/2019. This inconsistency is not explained and calls into question the entire timeline.
[6] ECF # 16, p. 6.

Reply to Renewed Emergency Motion for TRO, MacDonald v. UA, et al., 1:20-cv-00001    3

not intended to be a complete listing. Because Plaintiff had limited access to the investigation materials on one occasion and no access after January 27, 2020, Plaintiff was limited in identifying more examples.

Defendants try to mitigate Parkey's conduct by suggesting the high hurdle to establish (1) that Parkey was biased and (2) that this bias is material. This argument misses the point. Plaintiff alleges that Parkey's conduct tainted the witnesses in this matter and that because the witnesses have been tainted, Plaintiff will not receive fair adjudication. The Court should also note that Plaintiff cannot cross-examine the witnesses. He only can propose questions to the panel who, in their discretion, may choose not to ask them[7]. Thus, Plaintiff will not have a reasonable opportunity to elucidate testimony of the witnesses in a manner that mitigates Parkey's misconduct. In this context, it is irrelevant whether Parkey was biased.

Defendants seek to minimize Parkey's misconduct. In doing so, Defendants demonstrate that Plaintiff will not receive a fair hearing if it is allowed to proceed. Defendants claim they removed Parkey from the investigation at the request of Plaintiff because Plaintiff was displeased with Parkey and Parkey was going to be leaving anyway[8]. Yet the UA does not agree that Parkey did anything wrong[9].

Tainting witnesses is a serious business for which the lack of cross-examination means there is little, if any ability to cure. Defendants' explanations of Parkey's cited conduct demonstrates that UA condones such

---

[7] See ECF 11-3, p. 18 of 23, R01.04.090(A)(5).
[8] ECF # 15, p. 19
[9] *Id.*

Reply to Renewed Emergency Motion for TRO, MacDonald v. UA, et al., 1:20-cv-00001     4

conduct and finds that it is acceptable. As such, it also demonstrates that it is unlikely that Plaintiff will receive a fair adjudication of the matter. Certainly, Plaintiff has raised serious questions as to the fairness of the process. A finder of fact could certainly conclude that Parkey's actions tainted the witnesses to such a degree that a fair adjudication was highly unlikely.

## II. "Serious Questions" is the Proper Standard Because the Balance of Hardships Favors Plaintiff

"Serious questions going to the merits" is the appropriate standard here. Defendants argue that the balance of the hardships tilts in UA's favor, yet provides no evidence in support of such a proposition. Plaintiff concedes that it is in the interests of all concerned that allegations are investigated. But these investigations must be conducted fairly, in a timely manner, and in accordance with the rules. An injunction that prohibits UA from conducting an investigation which is untimely and which has been tainted causes no harm to UA at all. It merely holds UA accountable for its misdeeds.

Defendants do not dispute that the investigation was not conducted within the required timeframe nor do they dispute that they failed to provide notice to Plaintiff of good cause to extend the investigation. Furthermore, a review of the evidence does not demonstrate good cause for extending the investigation. This makes it clear that the investigation may not continue.

Defendants' arguments that Plaintiff will not suffer irreparable harm because any of his injuries could be compensated by money trivializes Plaintiff's injuries. By Defendant's same reasoning, no injunction could ever issue because any injury or wrong could be compensated by money. That is

just not the case. One thing that Plaintiff can never recover is time that he is unable to continue his education. No amount of money can remedy the loss of time. Plaintiff alleges that Baker, at Parkey's prompting, told the Plaintiff's professor that Plaintiff was a sexual predator and that the professor should not write a recommendation for him. Compl. ¶ 41. Defendants also acknowledge that they were contacted by Plaintiff's professor concerning a recommendation letter for graduate school[10]. Absent this recommendation, Plaintiff's options to pursue a graduate degree are severely limited.

Plaintiff has made a more than adequate showing of the harm he will suffer if the investigation is allowed to continue[11]. Defendants seek to minimize this harm. While Plaintiff agrees that delay in the investigation is not a good thing, Plaintiff should not be burdened with an investigation that should not take place and which cannot be conducted fairly. Defendants lose sight that if the investigation goes forward when it should not, Plaintiff is harmed regardless of the outcome. While true that a criminal suffers during the time between when they are charged and acquitted, this suffering is compounded if the charge could not have been filed in the first place. Here, Plaintiff seeks to be relieved of the burden of an investigation that has not been conducted in accordance with the rules.

UA suggests that it will suffer "tremendous and permanent harm" if the Court grants Plaintiff's requested injunctive relief[12]. Yet devoid from the brief is anything more than *ipse dixit* claims that are little more than speculative. Had Defendants conducted the investigation in a timely manner following its

---

[10] ECF # 16, p.6 (12/4/2019)
[11] ECF # 11-2 generally.
[12] ECF # 15, p. 16.

Reply to Renewed Emergency Motion for TRO, MacDonald v. UA, et al., 1:20-cv-00001     6

procedures, there would be no delays. Furthermore, if Parkey conducted his investigation professionally, the witnesses would not be tainted and it is far more likely that Plaintiff will receive a fair adjudication of the charges.

In any event, the arguments concerning delay affecting the proceedings in Defendants' brief are unfounded[13]. The witnesses have already provided their statements, tainted though they may be by Parkey's misconduct. All of the evidence has already been collected. There is no right to a hearing on the matter; an investigative report will be created and acted upon[14]. Therefore, a delay in the proceedings while the Court determines the merits of Plaintiff's injunctive relief will not harm the process.

If UA is precluded from continuing this investigation, it is because it failed to investigate in a timely manner. Just like UA would like to hold Plaintiff accountable for his actions, so too must UA for theirs. Just like an injured party who fails to file a case before the running of the applicable statute of limitations, UA's failure to investigate in the time required by its policies is fatal to allowing UA to continue this investigation. Rules and procedures apply to all and it would be inequitable for UA to fail to comply with its rules at the same time it seeks to investigate Plaintiff for his alleged failures.

As to the complainants, there has been no evidence presented that they will be harmed while the matter is decided. Furthermore, Plaintiff was not found to be a risk to either student and has only been instructed to not have contact with "D.P.". Interestingly, D.P. is not the student with which Plaintiff allegedly had unconsented sexual contact. Since there is no basis to believe

---

[13] ECF # 15, p. 16-18
[14] ECF # 11-3, pp. 18-20 of 23

Reply to Renewed Emergency Motion for TRO, MacDonald v. UA, et al., 1:20-cv-00001      7

that the complainants are at future risk from Plaintiff, there is no basis to assert that the will be harmed by any delay in the proceedings.

While the public has an interest in UA investigating sexual harassment claims, the public also has an interest in seeing that those investigations are conducted in accordance with the policies and procedures set forth for those investigations. The public also has an interest in seeing that these investigations are conducted fairly and impartially.

In the end, there is no question that the balance of the equities favors Plaintiff. UA would seem to suggest that it will suffer harm if it is held accountable for failing to timely conduct an investigation in a manner which allows for a fair adjudication of the charges. Not so. It is Plaintiff who will suffer harm even if he is vindicated. The balance of equities strongly favors Plaintiff and when evaluating whether the preliminary injunction should issue, the "serious questions as to the merits" standard should be used. Even if the more stringent "likelihood of success on the merits" standard is used, Plaintiff will likely succeed on the merits for all of the above reasons.

### III. *Younger* Abstention is Not Implicated Here

This Court can and should enjoin Defendants from continuing this investigation in violation of UA's policies. Defendants' reliance on *Younger* and progeny is misplaced. Unlike in Younger, Plaintiff is seeking to stop an investigation that should not be allowed under the UA rules. There is no procedure identified in the UA policies to allow something akin to a motion to

dismiss. This leaves judicial involvement as Plaintiff's only recourse to stop an investigation that violates UA's policies and procedures.

The untimely nature of the investigation alone is adequate for this Court to intervene. UA may not continue the investigation in violation of the rules. In effect, the investigation is concluded without a finding of responsibility. Despite the rule violation, Defendants are continuing the investigation, and based on their brief, ECF # 15, maintain that there is no violation. Since the investigation should be considered concluded, it is appropriate for this Court to intervene at this time to prevent Defendants from continuing to violate Plaintiff's due process rights.

## IV. UA is Subject to The Alaska Administrative Procedures Act

UA is a state agency established by the Constitution of the State of Alaska. Compl. ¶¶ 8-12. Defendants' citation to AS 44.62.330 for the proposition that UA is not subject to the AK Administrative Procedures Act is misapplied. AS 44.62.330 only discusses whether certain agencies are subject to the provisions of AS 44.62.330-44.62.630. Plaintiffs claim is based on AS 44.62.305 and is not subject to the limitation of AS 44.62.330. Furthermore, AS 44.62.305 allows for an injunction during an administrative proceeding which provides another reason why *Younger* abstention does not apply here.

## V. Defendants Used Illegal Surveillance

Through his verified complaint, Plaintiff has alleged that UA's surveillance records both audio and video. Compl. ¶ 59. Unless at least one of the parties is aware of the audio recording, such recording is illegal

Reply to Renewed Emergency Motion for TRO, MacDonald v. UA, et al., 1:20-cv-00001 9

eavesdropping in accordance with AS 44.20.310(b). Plaintiff has further alleged that Defendant McCarthy reviewed the illegal surveillance and disclosed the audio content to Baker. Compl. ¶¶ 59-66, 158-163.

Taking Plaintiff's allegations as true, the illegal disclosure of the surveillance audio to Baker likely tainted Baker as has been discussed throughout the complaint. As to Plaintiff's admissions that he engaged in some of the alleged conduct, he made those admissions when faced with evidence that was illegally obtained by Defendant McCarthy. Furthermore, there is a question concerning whether Baker would have brought charges against Plaintiff if not for McCarthy's illegal sharing of the recorded audio.

Thus, this Court must consider that the use of illegally obtained audio to prompt Baker to bring charges against Plaintiff has so tainted the process that Plaintiff cannot receive a fair adjudication of the charges. This is an independent basis for concluding that the investigation should not continue as there is no way to rectify this illegal disclosure.

## CONCLUSION

Because of the foregoing, Plaintiff Daniel MacDonald respectfully requests that this Honorable Court grant his emergency motion for a preliminary injunction and enjoin UA and its agents from continuing with their investigation. Plaintiff has demonstrated that there are (1) "serious questions going to the merits"; (2) that he will likely suffer irreparable injury; (3) that he will suffer more if the injunction is not granted than other parties will if the injunction is granted; and (4) that there is a strong public interest in the protection of individuals constitutional rights.

Reply to Renewed Emergency Motion for TRO, MacDonald v. UA, et al., 1:20-cv-00001    10

Case 1:20-cv-00001-SLG   Document 19   Filed 05/12/20   Page 12 of 14

Respectfully submitted,

Dated: May 12, 2020 /s/ Keith L. Altman
Keith Altman (*pro hac vice*)
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
(516)456-5885
kaltman@lawampmmt.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

On May 11, 2020, I served a copy of the foregoing Plaintiff's Reply in Support of his Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, in the above-captioned matter by ECF.

*/s/Keith Altman*
Keith Altman