Keith Altman (*pro hac vice*)
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
(516)456-5885
kaltman@lawampmmt.com

*Attorney for Plaintiff*

Michael O'Brien
Perkins Coie LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
(907)263-6947
mobrien@perkinscoie.com

*Attorney for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL MACDONALD,<br>           PLAINTIFF,<br>V.<br>THE UNIVERSITY OF ALASKA, SARA CHILDRESS IN HER INDIVIDUAL AND SUPERVISORY CAPACITY, CHASE PARKEY IN HIS INDIVIDUAL AND SUPERVISORY CAPACITY, SEAN MCCARTHY, JON TILLINGHAST, AND JOHN DOES 1-25<br>           DEFENDANTS. | Case: 1:20-cv-00001-SLG<br>Hon:  Sharon L. Gleason |

## **SCHEDULING AND PLANNING CONFERENCE REPORT**

Initial Case Status Report / Case Scheduling & Planning (Revised 5/2/2019)
Page 1 of 10

**I. Meeting.**

In accordance with Rules 16(a) and 26(f), Federal Rules of Civil Procedure, and with Local Civil Rules 16.1 and 26.1(b), the parties conferred on *June 12, 2020* the following persons participated: Keith Altman (Plaintiff) and Michael O'Brien (Defendants)*.* The parties recommend the following:

**II. Discovery Plan.**

    **A. Timing, Form and Disclosure Requirements**. Please refer to Rule 26(f)(3)(A), Federal Rules of Civil Procedure. Are there changes that the parties are proposing to that rule for this case under Rule 26(a)?

    Yes ___ No _x_ *[If yes, list proposed changes: ]*

    **B. Initial Disclosures / Preliminary Witness Lists.**

      1. The information required by Rule 26(a)(1), Federal Rules of Civil Procedure:

        (a) ___ Has been exchanged by the parties.

        (b) _x_ Will be exchanged by the parties on or before: **+30**

      2. Preliminary witness lists:

        (a) ___ Have been exchanged by the parties.

        (b) _x_ Will be exchanged by the parties on or before *[date]*.

        +30

3. **Disclosure Statement.** The disclosure requirements of Rule 7.1, Federal Rules of Civil Procedure:

   (a) __ Have been complied with.

   (b) __ Compliance will be accomplished on or before *[date]*.

   (c) _x_ Rule 7.1 is not applicable.

C. **Subjects and Timing of Discovery**. *See* Rule 26(f)(3)(B), Federal Rules of Civil Procedure.

   1. List the subjects on which discovery may be needed:

      - Policies and procedures for investigation of Title IX matters
      - Conduct of this particular investigation
      - Previous complaints of lack of compliance with Title IX requirements

   2. Should discovery be conducted in phases or limited to or focused on particular issues?  Yes __  No _x_  *[If yes, please describe the proposed phases or limitations: ]*

   3. Absent good cause, the proposed <u>date for completion of all discovery</u> should be no later than **twelve months** from the date of this report.  *[If one or both parties contend that*

Initial Case Status Report / Case Scheduling & Planning (Revised 5/2/2019)
Page 3 of 10

*good cause exists for additional time for discovery, please explain: ] +365*

4. **Final Discovery Witness List.** A final discovery witness list disclosing all lay witnesses whom a party may wish to call at trial shall be served and filed on *[date] [this date must be not less than 45 days prior to the close of fact discovery]*.[1] +135

5. **Close of Fact Discovery.** Fact discovery will be completed on or before *[date] [see paragraph C.3 above]*. +180

6. **Expert Discovery**. *See* Rule 26(a)(2), Federal Rules of Civil Procedure.

    (a) Expert witnesses shall be identified by each party on or before *+210* and each party may identify responsive supplemental expert witnesses within 14 days thereafter.

    (b) Expert disclosures (reports) required by Rule 26(a)(2) will be disclosed:

    (i) By all parties on or before *+240*

---

[1] Each party shall make a good faith attempt to list only those lay witnesses that the party reasonably believes will testify at trial.

(ii) Rebuttal reports on or before 30 days from the service of the report being rebutted.

(c) Expert witness discovery (include depositions) shall be completed by: **+300 [see paragraph C.3 above].**

D. **Preserving Discovery and Electronically Stored Information (ESI)**

1. Are there issues about the disclosure, discovery, or preservation of ESI, including the form or format in which it should be produced? *See* Rule 26(f)(3)(C), Federal Rules of Civil Procedure.

    Yes ___   No X___   *[If yes, please identify the issue(s): ]*

2. Please state how ESI should be produced: *[Explain: ]*

    ***In a format which preserves the utility of the information as it was kept in the routine course of business***

3. Are there issues with preserving non-ESI discovery?

    Yes ___   No _x_   *[If yes, please identify the issue(s): ]*

E. **Claims of Privilege or Protection of Attorney Work Product**

    *See* Rule 26(f)(3)(D), Federal Rules of Civil Procedure.

1. ___ There is no indication that this will be an issue.

2. ___ The parties have entered into a confidentiality agreement.

3. __x__ The parties will file their proposed confidentiality agreement on or before: ***06/30/2020***

**F. Limitations on Discovery.** *See* Rule 26(f)(3)(E), Federal Rules of Civil Procedure.

1. __x__ The limitations contained in Rules 26(b), 30, and 33, Federal Rules of Civil Procedure, and in Local Civil Rules 30.1 and 36.1, will apply except as indicated below.

2. __10__ The maximum number of depositions by each party will not exceed *[number]*.

   (a) __x__ Depositions will not exceed **7** hours as to any deponent.

   (b) ____ Depositions will not exceed *[number]* hours as to non-party deponents.

   (c) ____ Depositions will not exceed *[number]* hours as to party deponents.

3. __25__ __x__ The maximum number of interrogatories posed by each party will not exceed **25**.

4. __x__ The maximum number of requests for admissions posed by each party will not exceed ***No Limit***

**G. Supplementation of Disclosures and Discovery Responses.**

Please refer to Rule 26(e)(1) and (e)(2), Federal Rules of Civil Procedure. Do the parties request that the Court enter an order that is different from these rules (*e.g.* supplementation at 30-day intervals)?

Yes ___ No _x_ *[If yes, explain: ]*

## III. Pretrial Motions.

**A.** Are there preliminary motions as to jurisdiction, venue, arbitration, and/or statutes of limitation that should be filed within 60 days?

Yes _x_ No _ *Defendant intends to file a motion to dismiss under 12(b)(6).*

**B.** Motions must be served and filed within the times specified in applicable rules. Complete the following only if the parties are proposing deadline(s) that are different from the applicable rules:

1. Motions to amend pleadings or add parties will be filed not later than *[date]*. Thereafter, a party must seek leave of the Court to modify this deadline. *See* Rule 16(b)(3)(A) and (4), Federal Rules of Civil Procedure.

2. Motions under the discovery rules will be filed not later than *[date]*.

3. Dispositive motions (including motions for summary judgment) will be filed not later than *[date]*.

4. Motions to exclude expert testimony shall be filed and served not later than *[date]*.

IV. **Trial.**

　**A.** The case is expected to take *5* days to try.

　**B.** Has a jury trial been demanded?　Yes _x_　No ___

　**C.** Is the right to jury trial disputed?　Yes ___　No _x_

　**D.** The parties ___ do / _x_ do not request the scheduling of a trial date at this time.[2]

　　1. If a trial date is requested at this time, the parties' report shall include a minimum of three alternative dates for the start of the trial, at least two of which are 5 to 7 months from the close of all discovery.

　　2. If a trial date is not established at this time, the court will call upon the parties to certify that the case is ready for trial as provided in Local Civil Rule 40.1(b).

---

[2] The decision of whether to establish a trial date at this stage of the proceedings rests with the discretion of the assigned judge. Counsel and self-represented parties are advised to contact the assigned judge's Data Quality Analyst (DQA) to determine the judge's practice for establishing a trial date.

Initial Case Status Report / Case Scheduling & Planning (Revised 5/2/2019)
Page 8 of 10

**V.     Other Provisions.**

   A.  **Court Conference.**  The parties  _x_  do /  ___  do not request a conference with the court before entry of a scheduling order. **Because a decision on the pending investigation is likely to frame required discovery, the parties request that all dates issue from when the investigation is completed.  The parties would like to discuss this with the Court.**

   B.  **Consent to Proceed before a Magistrate Judge.**

   The parties  ___  do /  _x_  do not consent to trial before a magistrate judge.

   C.  **Early Settlement / Alternative Dispute Resolution.**

   1.  Do the parties request immediate assistance by way of a settlement conference or alternative dispute resolution?

   Yes ___   No _x_   *[If yes, explain: ]*

   2.  Do the parties wish to consider private mediation or a settlement conference with a judicial officer of this court at a later date?

   Yes _x_   No ___

D. **Related Cases.** Are the parties aware of any related cases as defined by Local Civil Rule 16.1(e)? Yes ___ No _x_ *[If yes, describe: ]*

VI. **Report Form.**

A. Have the parties experienced a problem in using this form?

Yes ___ No _x_ *[If yes, explain: ]*

B. Are there additional subjects that the parties would propose to add to this form? Yes ___ No _x_ *[If yes, explain: ]*

Dated: June 16, 2020

/s/ Keith L. Altman
Keith Altman (*pro hac vice*)
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
(516)456-5885
kaltman@lawampmmt.com

*Attorney for Plaintiff*

/s/ Michael Obrien
Michael O'Brien
Perkins Coie LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
(907)263-6947
mobrien@perkinscoie.com

*Attorney for Defendants*