Michael E. O'Brien
Alaska Bar No. 0311084
MOBrien@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorney for Defendants
THE UNIVERSITY OF ALASKA, SARA
CHILDRESS IN HER INDIVIDUAL AND
SUPERVISORY CAPACITY, CHASE
PARKEY IN HIS INDIVIDUAL AND
SUPERVISORY CAPACITY, SEAN
MCCARTHY, JON TILLINGHAST

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| DANIEL MACDONALD,<br><br>          Plaintiff,<br><br>   v.<br><br>THE UNIVERSITY OF ALASKA, SARA CHILDRESS IN HER INDIVIDUAL AND SUPERVISORY CAPACITY, CHASE PARKEY IN HIS INDIVIDUAL AND SUPERVISORY CAPACITY, SEAN MCCARTHY, JON TILLINGHAST, AND JOHN DOES 1-25,<br><br>          Defendants. | Case No. 1:20-cv-00001-SLG |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, BREACH OF CONTRACT, BREACH OF EXPRESS WARRANTY, AND NEGLIGENCE**

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 1 of 45
148189818.3

Case 1:20-cv-00001-SLG   Document 28   Filed 07/07/20   Page 1 of 45

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Defendants University of Alaska ("University"), Sara Childress ("Childress") in her individual and supervisory capacity, Chase Parkey ("Parkey") in his individual and supervisory capacity, Sean McCarthy ("McCarthy"), and Jon Tillinghast ("Tillinghast") (collectively referred to as "Defendants") by and through their attorneys, Perkins Coie LLP, hereby answer Plaintiff Daniel MacDonald's ("MacDonald") complaint.

## BACKGROUND

1.      Paragraph 1 states allegations of law to which no response is required. To the extent a response is required, Defendants neither admit or deny paragraph 1 of MacDonald's complaint.

2.      Defendants admit MacDonald was issued a Notice of Investigation on November 8, 2019 for sexual harassment and non-consensual sexual contact resulting from a report received on or about October 18, 2019. Defendants further admit the policies outlining the investigative timeline do state, "[w]ithin approximately 50 calendars days from the date the complaint was filed, the final investigative report will be completed." The same policy states, "[a]ny timeline associated with the formal resolution process … may be extended for good cause." Defendants deny MacDonald was "promised" anything, that the investigation was conducted in an unprofessional manner, that the investigator "tainted" witnesses, or that MacDonald will not receive a fair adjudication of the merits of the investigation. Defendants admit that the initial

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 2 of 45
148189818.3

investigator, Parkey, was replaced by an outside investigator, Investigator Tillinghast, in accord with Board of Regents' Policy after MacDonald complained about Parkey and Parkey announced he would be leaving University employment. Defendants deny any remaining allegations contained in paragraph 2 of MacDonald's complaint.

3.     Defendants deny the allegations contained in paragraph 3 of MacDonald's complaint.

4.     Defendants deny the allegations contained in paragraph 4 of MacDonald's complaint.

5.     Defendants deny the allegations contained in paragraph 5 of MacDonald's complaint.

6.     Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegation or identity of the individuals identified as paragraph 6 contains statements to which Defendants are without sufficient knowledge to admit or deny.

**PARTIES**

7.     Defendants are without sufficient information or knowledge to form a belief as to MacDonald's place of residence or citizenship and are therefore unable to admit or deny this allegation. Likewise, Defendants are without sufficient information or knowledge to form a belief as to MacDonald's allegation that he "vehemently denies any

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 3 of 45
148189818.3

wrongdoing in this matter" to admit or deny this allegation. Defendants only admit that MacDonald was employed as a part-time residence assistant in Banfield Hall from August 8, 2019 to September 28, 2019.

8.     The University admits it is a constitutionally-created corporation with its principal place of business in Alaska. To the extent the allegations contained in paragraph 8 contain legal conclusions, no response is required.

9.     The University admits it is established by the Constitution of the State of Alaska as alleged in paragraph 9 of MacDonald's complaint. To the extent the allegations contain legal conclusions, no response is required.

10.     The University admits it is governed by a board of regents as alleged in paragraph 10 of MacDonald's complaint. To the extent the allegations contain legal conclusions, no response is required.

11.     The allegations in paragraph 11 of MacDonald's complaint contain legal conclusions for which no response is required.

12.     The allegations in paragraph 12 of MacDonald's complaint contain legal conclusions for which no response is required.

13.     Defendants are without sufficient knowledge to admit or deny whether John Does 1-25 are citizens of the State of Alaska.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 4 of 45
148189818.3

14.     Childress admits that at all times material hereto she was a resident of the State of Alaska and the Director and Title IX Coordinator for the University of Alaska Anchorage.

15.     Parkey admits that at all times material hereto he was a resident of the State of Alaska and was the Acting Title IX Coordinator for the University of Alaska Southeast ("UAS"). Parkey further admits he was the investigator for the MacDonald Title IX investigation that is the subject of this lawsuit from October 21, 2019 to February 7, 2020 when Parkey submitted his resignation as a result of an out-of-state move. All remaining allegations contained in paragraph 15 of MacDonald's complaint are denied.

16.     McCarthy admits the allegations contained in paragraph 16 of MacDonald's complaint.

17.     Tillinghast admits he is a resident of the State of Alaska. Tillinghast further admits he was hired by the University on March 30, 2020 to continue the Title IX investigation, which is the subject of this lawsuit. Tillinghast and the University admit that Tillinghast is acting as an agent of UA during his investigation efforts. To the extent the allegations contain legal conclusions, no response is required.

18.     No response required.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 5 of 45
148189818.3

19.     Childress, Parkey, Tillinghast, and McCarthy deny the allegations in paragraph 19 of MacDonald's complaint that they were acting in their individual and supervisory capacities.

## JURISDICTION AND VENUE

The responses to paragraphs 1 through 19 above are re-alleged and incorporated herein.

20.     The allegations contained in paragraph 20 of MacDonald's complaint contain legal conclusions for which no response is required.

21.     The allegations contained in paragraph 21 of MacDonald's complaint contain legal conclusions for which no response is required.

22.     The allegations contained in paragraph 22 of MacDonald's complaint contain legal conclusions for which no response is required.

23.     The allegations contained in paragraph 23 of MacDonald's complaint contain legal conclusions for which no response is required.

24.     The allegations contained in paragraph 24 of MacDonald's complaint contain legal conclusions for which no response is required.

## FACTUAL ALLEGATIONS

The responses to paragraphs 1 through 24 above are re-alleged and incorporated herein.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 6 of 45
148189818.3

25.    Defendants admit there are University Regulations and Board of Regents policies concerning sexual and gender-based discrimination at R01.04. Defendants admit each student within the University system must abide by Board of Regents' Policies and University Regulations. Defendants disagree and deny that a student's agreement to abide by policies and regulations is described or characterized as a "bargain."

26.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 26 of MacDonald's complaint and are therefore unable to admit or deny the allegations contained in paragraph 26.

27.    Paragraph 27 of MacDonald's complaint alleges legal conclusions for which no response is required. Defendants allege the cited regulation R01.04.090 speaks for itself.

28.    Paragraph 28 of MacDonald's complaint alleges legal conclusions for which no response is required. Defendants allege the cited regulation R01.04.090 speaks for itself and that the word "will" is neither italicized nor bold in the original regulation.

29.    The University, Childress, and Parkey admit Childress sent a Notice of Investigation to MacDonald dated November 8, 2019. Defendants further admit the letter speaks for itself. To the extent the allegations contained in paragraph 29 of MacDonald's complaint are alleged against the remaining Defendants, those Defendants are without

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 7 of 45
148189818.3
Case 1:20-cv-00001-SLG    Document 28    Filed 07/07/20    Page 7 of 45

sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations.

30. The University, Childress, and Parkey admit MacDonald was issued a Notice of Investigation on November 8, 2019. The allegation that the investigation was to be completed by December 28, 2019, under R01.04.090(c) is denied. To the extent these allegations are alleged against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 30 of MacDonald's complaint and are therefore unable to admit or deny the allegations. To the extent the allegations contained in paragraph 30 of MacDonald's complaint allege legal conclusions, no response is required.

31. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 31 of MacDonald's complaint and are therefore unable to admit or deny the allegations. To the extent the allegations contained in paragraph 31 of MacDonald's complaint allege legal conclusions, no response is required.

32. The University, Childress, and Parkey admit the investigation was not completed by December 28, 2019. To the extent these allegations are alleged against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 8 of 45
148189818.3

to admit or deny the allegations. To the extent the allegations contained in paragraph 32 of MacDonald's complaint allege legal conclusions, no response is required.

**Defendant Chase Parkey's Investigation Violated Plaintiff's Due Process Rights Guaranteed by The Fifth and Fourteenth Amendments to The U.S. Constitution**

The responses to paragraphs 1 through 32 above are re-alleged and incorporated herein.

33.    The University, Childress, and Parkey deny the allegations contained in paragraph 33 of MacDonald's complaint. To the extent these allegations are asserted against McCarthy and/or Tillinghast, McCarthy and Tillinghast are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations. To the extent the allegations contained in paragraph 33 of MacDonald's complaint allege legal conclusions, no response is required.

34.    The University, Childress, and Parkey deny the allegations contained in paragraph 34 of MacDonald's complaint and assert the record speaks for itself. To the extent the allegations contained in paragraph 34 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations. To the extent the allegations contained

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 9 of 45
148189818.3

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

in paragraph 34 of MacDonald's complaint allege legal conclusions, no response is required.

35.     Defendants are without sufficient information or knowledge to admit or deny what MacDonald's interpretation or impressions may be and therefore denies the allegations contained in paragraph 35 of MacDonald's complaint.

36.     Parkey denies the allegations contained in paragraph 36 of MacDonald's complaint. To the extent the allegations contained in paragraph 36 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations.

37.     Parkey is without sufficient information or knowledge to admit or deny what MacDonald believes Parkey "appear[ed]" to do in the interview process and denies he made any inappropriate comments. To the extent the allegations contained in paragraph 37 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations.

38.     Parkey is without sufficient information or knowledge to admit or deny how MacDonald interpreted the record referred to in paragraph 38 of MacDonald's

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 10 of 45
148189818.3

Case 1:20-cv-00001-SLG   Document 28   Filed 07/07/20   Page 10 of 45

complaint. Parkey asserts the record speaks for itself. To the extent the allegations contained in paragraph 38 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations therein and therefore are unable to admit or deny the allegations.

39.     Parkey is without sufficient information or knowledge to admit or deny how MacDonald interpreted the record referred to in paragraph 39 of MacDonald's complaint. The Defendants admit the record speaks for itself. To the extent the allegations contained in paragraph 39 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations.

40.     Parkey is without sufficient information or knowledge to admit or deny how MacDonald interpreted the record referred to in paragraph 40 of MacDonald's complaint. Parkey asserts the record speaks for itself. To the extent the allegations contained in paragraph 40 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 11 of 45
148189818.3

41. Parkey denies the allegations contained in paragraph 41 of MacDonald's complaint. To the extent the allegations contained in paragraph 41 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations.

42. Parkey denies the allegations contained in paragraph 42 of MacDonald's complaint. To the extent the allegations contained in paragraph 42 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations.

43. Parkey denies the allegations that he "bragged" about having been a law enforcement officer. Parkey is without sufficient information or knowledge to determine the remaining allegations and interpretations contained in paragraph 43 of MacDonald's complaint. To the extent the allegations contained in paragraph 43 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations.

44. Parkey denies he attempted to persuade anyone to speculate as alleged in paragraph 44 of MacDonald's complaint. Parkey is without sufficient information or

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 12 of 45
148189818.3

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

knowledge to determine the remaining allegations and interpretations contained in paragraph 44 of MacDonald's complaint. To the extent the allegations contained in paragraph 44 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations.

45. Parkey denies the allegations contained in paragraph 45 of MacDonald's complaint. To the extent the allegations contained in paragraph 45 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations.

46. The allegations contained in paragraph 46 of MacDonald's complaint contain legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

47. Parkey denies he disclosed confidential information about the subject investigation as alleged in paragraph 47 of MacDonald's complaint. Parkey asserts the record speaks for itself. To the extent the allegations contained in paragraph 47 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 13 of 45
148189818.3

Case 1:20-cv-00001-SLG   Document 28   Filed 07/07/20   Page 13 of 45

are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations.

48.     Parkey denies the allegations contained in paragraph 48 of Macdonald's complaint. To the extent the allegations contained in paragraph 48 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations. Further, to the extent the allegations contained in paragraph 48 contain legal conclusions, no response is required.

49.     Parkey, Childress, and the University admit that a letter dated January 27, 2020 was received by Parkey from MacDonald and the attorney, understood to be representing MacDonald in the subject investigation dated January 27, 2020, Joseph Lento, of Lento Law Firm in Philadelphia. Parkey, Childress, and the University assert the letter speaks for itself. Parkey, Childress, and the University further deny that the letter caused Parkey's removal from the investigation. To the extent the allegations contained in paragraph 49 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 14 of 45
148189818.3

Case 1:20-cv-00001-SLG   Document 28   Filed 07/07/20   Page 14 of 45

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

50.     Parkey denies the allegations contained in paragraph 50 of MacDonald's complaint. To the extent the allegations contained in paragraph 50 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations. Further, to the extent the allegations contained in paragraph 50 contain legal conclusions, no response is required.

51.     Paragraph 51 of MacDonald's complaint contains legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

52.     Parkey denies the investigation was improper or involved evidence tainting. To the extent paragraph 52 of MacDonald's complaint contains legal conclusions, no response is required. To the extent any allegations contained in paragraph 52 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 15 of 45
148189818.3

53. Paragraph 53 of MacDonald's complaint contains legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

## The Investigation Was Not Completed Timely as Outlined in The Polices [sic] and was Not Extended for Good Cause, Nor Did Good Cause Exist

The responses to paragraphs 1 through 53 above are re-alleged and incorporated herein.

54. The University, Parkey, and Childress deny the allegations contained in paragraph 54 of MacDonald's complaint. MacDonald was aware the investigation was continued for good cause; in fact, MacDonald requested nearly a month delay that was granted but caused the investigation to overlap with training, employee leave, and holidays. To the extent any allegations contained in paragraph 54 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations.

55. The University, Parkey, and Childress deny the allegations contained in paragraph 55 of MacDonald's complaint. Paragraph 55 of MacDonald's complaint contains legal conclusions and assertions for which no response is required. To the extent a response is required, all allegations are denied.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 16 of 45
148189818.3

Case 1:20-cv-00001-SLG   Document 28   Filed 07/07/20   Page 16 of 45

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

56.     Parkey, Childress, and the University deny that Parkey performed the investigation in a poor manner leading to his removal as the investigator. Parkey and the University admit only that Parkey was the Acting Title IX Compliance Coordinator for the University of Alaska Southeast. To the extent any allegations contained in paragraph 56 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations.

57.     Paragraph 57 of MacDonald's complaint contains legal conclusions and assertions for which no response is required. To the extent a response is required, all allegations are denied.

58.     Parkey, Childress, Tillinghast, and the University deny the subject investigation was not conducted in the manner outlined in its policies. To the extent the allegations contained in paragraph 58 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations. Further, to the extent the allegations contained in paragraph 48 contain legal conclusions, no response is required.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 17 of 45
148189818.3

Case 1:20-cv-00001-SLG   Document 28   Filed 07/07/20   Page 17 of 45

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

**Surveillance Footage Used by The University Constitutes Illegal Eavesdropping and May Not Be Used for Any Purpose**

The responses to paragraphs 1 through 58 above are re-alleged and incorporated herein.

59.     The University and Parkey deny the allegations contained in paragraph 59 of MacDonald's complaint. To the extent the allegations contained in paragraph 59 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations.

60.     The University and Parkey deny any video was captured during the course of the subject investigation. Parkey further denies any audio recordings were made during the course of the subject investigation without prior permission by the person to whom Parkey was interviewing or speaking. To the extent the allegations contained in paragraph 60 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations.

61.     Paragraph 61 of MacDonald's complaint contains legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 18 of 45
148189818.3

62.     Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 62 of MacDonald's complaint and are therefore unable to admit or deny the allegations.

63.     Paragraph 63 of MacDonald's complaint contains legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

64.     Defendants are unaware of any "surveillance footage" that may have been used in the subject investigation. McCarthy denies the allegations contained in Paragraph 64 of MacDonald's complaint. To the extent the allegations contained in paragraph 64 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations. To the extent paragraph 64 of MacDonald's complaint contains legal conclusions, no response is required.

65.     Defendants are unaware of any "surveillance footage" that may have been used in the subject investigation. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 65 of MacDonald's complaint and are therefore unable to admit or deny the

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 19 of 45
148189818.3

allegations. Paragraph 65 of MacDonald's complaint also contains legal conclusions for which no response is required.

66.     Defendants are unaware of any "surveillance footage" that may have been used in the subject investigation. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 66 of MacDonald's complaint and are therefore unable to admit or deny the allegations. Paragraph 66 of MacDonald's complaint also contains legal conclusions for which no response is required.

67.     Paragraph 67 of MacDonald's complaint contains legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

68.     Defendants admit that Plaintiff is subject to discipline if he is found responsible for sexual harassment and non-consensual contact.  Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 68 of MacDonald's complaint and are therefore unable to admit or deny the allegations. To the extent paragraph 68 of MacDonald's complaint contains legal conclusions, no response is required.

69.     Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 69 of MacDonald's

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 20 of 45
148189818.3

Case 1:20-cv-00001-SLG   Document 28   Filed 07/07/20   Page 20 of 45

complaint and are therefore unable to admit or deny the allegations. To the extent paragraph 69 of MacDonald's complaint contains legal conclusions, no response is required.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### DECLARATORY RELIEF UNDER 28 U.S.C. § 2201
**(Against All Defendants)**

70.     The responses to paragraphs 1 through 69 above are re-alleged and incorporated herein.

71.     Paragraph 71 of MacDonald's complaint contains legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

72.     Defendants deny the allegations contained in paragraph 72 of MacDonald's complaint. To the extent paragraph 72 contains legal conclusions, no response is required. To the extent a response is required, the allegations are denied.

73.     Defendants deny the allegations contained in paragraph 73 of MacDonald's complaint. To the extent paragraph 73 contains legal conclusions, no response is required. To the extent a response is required, the allegations are denied.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 21 of 45
148189818.3

74.     Paragraph 74 of MacDonald's complaint contains legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

75.     Paragraph 75 of MacDonald's complaint contains legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

76.     Defendants deny they caused any injuries to MacDonald. Defendants are without sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 76 of MacDonald's complaint and are therefore unable to admit or deny the allegations. To the extent paragraph 76 of MacDonald's complaint contains legal conclusions, no response is required.

## SECOND CAUSE OF ACTION

### VIOLATION OF 42 U.S.C. § 1983
### FIFTH AND FOURTEENTH AMENDMENTS-DUE PROCESS
#### (As to the Individual Defendants)

77.     The responses to paragraphs 1 through 76 above are re-alleged and incorporated herein.

78.     Paragraph 78 of MacDonald's complaint contains legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 22 of 45
148189818.3

Case 1:20-cv-00001-SLG   Document 28   Filed 07/07/20   Page 22 of 45

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

79. Paragraph 79 of MacDonald's complaint contains legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

80. Paragraph 80 of MacDonald's complaint contains legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

81. Paragraph 81 of MacDonald's complaint contains legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

82. Defendants admit the allegations contained in paragraph 82 of MacDonald's complaint.

83. Paragraph 83 (and its subparts) of MacDonald's complaint contains legal conclusions for which no response is required. To the extent a response is required, the allegations are denied. Further, the allegations are duplicative of allegations contained in paragraphs 2, and 58.

84. Defendants deny the allegations contained in paragraph 84 of MacDonald's complaint. To the extent paragraph 84 of MacDonald's complaint contains legal conclusions, no response is required.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 23 of 45
148189818.3

85. McCarthy and Parkey deny the allegations contained in paragraph 85 of MacDonald's complaint. To the extent paragraph 85 of MacDonald's complaint contains legal conclusions, no response is required. To the extent the allegations contained in paragraph 85 of MacDonald's complaint are asserted against the remaining individual Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations.

86. Parkey denies the allegations contained in paragraph 86 of MacDonald's complaint. To the extent paragraph 86 of MacDonald's complaint contains legal conclusions, no response is required. To the extent the allegations contained in paragraph 86 of MacDonald's complaint are asserted against the remaining individual Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations.

87. Childress admits only that the investigation is ongoing and that MacDonald is participating. All other allegations, including Childress' alleged knowledge that the investigation is tainted and not being conducted in accordance with the University's sexual harassment policies, are denied. To the extent paragraph 87 of MacDonald's complaint contains legal conclusions, no response is required.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 24 of 45
148189818.3

Case 1:20-cv-00001-SLG   Document 28   Filed 07/07/20   Page 24 of 45

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

88. Tillinghast admits only that he is acting as the investigator in the subject investigation. All other allegations, including Tillinghast's alleged knowledge the investigation is tainted and not being conducted in accordance with the University's sexual harassment policies, are denied. To the extent paragraph 88 of MacDonald's complaint contains legal conclusions, no response is required.

89. Defendants deny the allegations contained in paragraph 89 of MacDonald's complaint. To the extent paragraph 89 of MacDonald's complaint contains legal conclusions, no response is required.

90. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 90 of MacDonald's complaint and are therefore unable to admit or deny the allegations. To the extent paragraph 90 of MacDonald's complaint contains legal conclusions, no response is required.

91. Paragraph 91 of MacDonald's complaint contains legal conclusions for which no response is required. To the extent a response is required, the allegations are denied.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 25 of 45
148189818.3

Case 1:20-cv-00001-SLG   Document 28   Filed 07/07/20   Page 25 of 45

**TRAINING, SUPERVISION, OR DISCIPLINE**
**FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION;**
**42 U.S.C. § 1983**
**(Against Sara Childress)**

92.    The responses to paragraphs 1 through 91 above are re-alleged and incorporated herein.

93.    Defendants deny the allegations contained in paragraph 93 of MacDonald's complaint. To the extent paragraph 93 contains legal conclusions, no response is required.

94.    Defendants deny the allegations contained in paragraph 94 of MacDonald's complaint. To the extent paragraph 94 contains legal conclusions, no response is required.

95.    Defendants deny the allegations contained in paragraph 95 of MacDonald's complaint. To the extent paragraph 95 contains legal conclusions, no response is required.

96.    Childress denies the allegations contained in paragraph 96 of MacDonald's complaint. To the extent paragraph 96 contains legal conclusions, no response is required.

97.    Childress admits that Parkey was removed as investigator following Plaintiff's request and Parkey's resignation. Childress denies that Parkey was removed for any reason justifying discipline. Further, Childress asserts that any alleged disciplinary action, if taken against Parkey, is a confidential employment matter. To the extent paragraph 97 contains legal conclusions, no response is required.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 26 of 45
148189818.3

98.     The Defendants deny any inadequacies in hiring, training, supervision, and/or discipline. Childress is without sufficient information or knowledge to admit or deny what MacDonald's interpretation or impressions may be and therefore denies the remaining allegations contained in paragraph 98 of MacDonald's complaint. To the extent paragraph 98 contains legal conclusions, no response is required.

99.     Childress denies any of her actions or alleged inactions were motivated by evil motive or intent, involved reckless or callous indifference, or were wantonly or oppressively done to MacDonald. To the extent paragraph 99 contains legal conclusions, no response is required.

100.    Childress denies she caused any injuries to MacDonald. Childress is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 100 of MacDonald's complaint and is therefore unable to admit or deny the allegations. To the extent paragraph 100 of MacDonald's complaint contains legal conclusions, no response is required.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 27 of 45
148189818.3

# FOURTH CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## MONELL - POLICY OF DUE PROCESS VIOLATIONS OF THE FIFTH AND
## FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION BY UA
### (Against Defendant UA)

101.    The responses to paragraphs 1 through 100 above are re-alleged and incorporated herein.

102.    The allegations contained in paragraph 102 of MacDonald's complaint contain legal conclusions for which no response is required.

103.    The University denies the allegations contained in paragraph 103 of MacDonald's complaint. To the extent paragraph 103 of MacDonald's complaint contains legal conclusions, no response is required.

104.    The University denies the allegations contained in paragraph 104 of MacDonald's complaint. To the extent paragraph 104 of MacDonald's complaint contains legal conclusions, no response is required.

105.    The University denies the allegations contained in paragraph 105, including its subparts, of MacDonald's complaint. To the extent paragraph 105 and/or its subparts of MacDonald's complaint contains legal conclusions, no response is required.

106.    The University admits only that Childress is the Title IX Coordinator for the University of Alaska Anchorage and Parkey was the Acting Title IX Coordinator for the University of Alaska Southeast. All remaining allegations contained in paragraph 106

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 28 of 45
148189818.3

of MacDonald's complaint are denied. To the extent paragraph 106 of MacDonald's complaint contains legal conclusions, no response is required.

107. The allegations contained in paragraph 107 of MacDonald's complaint contain legal conclusions for which no response is required.

108. The University denies the allegations contained in paragraph 108 of MacDonald's complaint. To the extent paragraph 108 of MacDonald's complaint contains legal conclusions, no response is required.

109. The University denies the allegations contained in paragraph 109 of MacDonald's complaint. To the extent paragraph 109 of MacDonald's complaint contains legal conclusions, no response is required.

110. The University denies it failed to properly train its employees. The University is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 110 of MacDonald's complaint and is therefore unable to admit or deny the allegations. To the extent paragraph 110 of MacDonald's complaint contains legal conclusions, no response is required.

## FIFTH CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 - CONSPIRACY
### (Against All Defendants)

111. The responses to paragraphs 1 through 110 above are re-alleged and incorporated herein.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 29 of 45
148189818.3

Case 1:20-cv-00001-SLG   Document 28   Filed 07/07/20   Page 29 of 45

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

112.    Defendants deny the allegations contained in paragraph 112, including its subparts, of MacDonald's complaint. To the extent paragraph 112 (and/or its subparts) of MacDonald's complaint contains legal conclusions, no response is required.

113.    Defendants deny they acted unlawfully, maliciously, or in concert with one another in a conspiracy against MacDonald. Defendants are without sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 113 of MacDonald's complaint and are therefore unable to admit or deny the allegations. To the extent paragraph 113 of MacDonald's complaint contains legal conclusions, no response is required.

114.    Defendants deny they acted unlawfully, maliciously, or in concert with one another in a conspiracy against MacDonald. Defendants are without sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 114 of MacDonald's complaint and are therefore unable to admit or deny the allegations. To the extent paragraph 114 of MacDonald's complaint contains legal conclusions, no response is required.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 30 of 45
148189818.3

Case 1:20-cv-00001-SLG   Document 28   Filed 07/07/20   Page 30 of 45

**SIXTH CAUSE OF ACTION**

**VIOLATION OF ALASKA'S ADMINISTRATIVE PROCEDURES ACT**
**AS 44.62,** *et. seq.*
**(Against All Defendants, except Sean McCarthy)**

115.    The responses to paragraphs 1 through 114 above are re-alleged and incorporated herein.

116.    Defendants admit that UA is a constitutionally-created corporation and is an instrumentality of the State of Alaska Governed by a Board of Regents.   To the extent paragraph 116 of MacDonald's complaint contains legal conclusions, no response is required.

117.    Defendants deny the allegations contained in paragraph 117 of MacDonald's complaint. To the extent paragraph 117 of MacDonald's complaint contains legal conclusions, no response is required.

118.    Defendants admit the allegations contained in paragraph 118 of MacDonald's complaint. To the extent paragraph 118 of MacDonald's complaint contains legal conclusions, no response is required.

119.    Paragraph 119 of MacDonald's complaint contains legal conclusions for which no response is required.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 31 of 45
148189818.3

Case 1:20-cv-00001-SLG   Document 28   Filed 07/07/20   Page 31 of 45

120. Paragraph 120 of MacDonald's complaint contains legal conclusions and resuscitations of policy that speak for themselves; no response is required. The word "will" is neither italicized nor bold in Board of Regents Policy.

121. Defendants admit MacDonald was informed of the subject investigation on November 8, 2019. Defendants deny the remaining allegations contained in paragraph 121 of MacDonald's complaint. To the extent paragraph 121 of MacDonald's complaint contains legal conclusions, no response is required.

122. Parkey, Childress, and the University admit a letter dated January 27, 2020 was received by Parkey from MacDonald and the attorney understood to be representing MacDonald in the subject investigation, Joseph Lento, of Lento Law Firm in Philadelphia. Parkey, Childress, and the University assert the letter speaks for itself. Parkey, Childress, and the University further deny Parkey was removed from the investigation. To the extent the allegations contained in paragraph 122 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations. To the extent paragraph 122 of MacDonald's complaint contains legal conclusions, no response is required.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 32 of 45
148189818.3

Case 1:20-cv-00001-SLG   Document 28   Filed 07/07/20   Page 32 of 45

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

123. Childress and the University admit only that Childress emailed MacDonald on March 2, 2020 regarding investigator reassignment. Childress and the University assert the record speaks for itself. All remaining allegations contained in paragraph 123 of MacDonald's complaint are denied. To the extent the allegations contained in paragraph 123 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations. To the extent paragraph 122 of MacDonald's complaint contains legal conclusions, no response is required.

124. The University, Parkey, and Childress deny the allegations contained in paragraph 124 of MacDonald's complaint. MacDonald was aware the investigation was continued for good cause. In fact, MacDonald requested nearly a month delay which was granted but it caused the investigation to overlap with training and holidays. To the extent any allegations contained in paragraph 124 of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations. To the extent the allegations contained in paragraph 124 of MacDonald's complaint contain legal conclusions, no response is required.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 33 of 45
148189818.3

Case 1:20-cv-00001-SLG   Document 28   Filed 07/07/20   Page 33 of 45

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

125.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 125 of MacDonald's complaint and are therefore unable to admit or deny the allegations.

126.    The University, Childress, and Parkey deny that good cause did not exist for extending the investigative timeline. To the extent any allegations contained in paragraph 126, including its subparts, of MacDonald's complaint are asserted against the remaining Defendants, those Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and are therefore unable to admit or deny the allegations. To the extent the allegations contained in paragraph 126, including its subparts, of MacDonald's complaint contain legal conclusions, no response is required.

127.    The University, Childress, and Tillinghast admit only that the investigation is ongoing and that MacDonald is participating. All other allegations, including alleged knowledge of any unprofessional conduct resulting in a tainted investigation, are denied. To the extent paragraph 127 of MacDonald's complaint contains legal conclusions, no response is required.

128.    Paragraph 128 of MacDonald's complaint contains legal conclusions for which no response is required.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 34 of 45
148189818.3

Case 1:20-cv-00001-SLG    Document 28    Filed 07/07/20    Page 34 of 45

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

129. Defendants admit only that MacDonald is the respondent in the subject Title IX investigation. All remaining allegations contained in Paragraph 129 of MacDonald's complaint are denied. To the extent paragraph 129 of MacDonald's complaint contains legal conclusions, no response is required.

130. Paragraph 130 of MacDonald's complaint contains legal conclusions for which no response is required.

131. Defendants deny the allegations contained in paragraph 131 of MacDonald's complaint. To the extent paragraph 131 of MacDonald's complaint contains legal conclusions, no response is required.

132. The University, Childress, and Tillinghast admit only that the investigation is ongoing and that MacDonald is participating. All other allegations, including alleged knowledge of any unprofessional conduct in violation of policies are denied. To the extent paragraph 132 of MacDonald's complaint contains legal conclusions, no response is required.

133. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 133 of MacDonald's complaint and are therefore unable to admit or deny the allegations.

134. Defendants admit only that MacDonald sought a preliminary injunction terminating the investigation, which was denied at Docket 20. All remaining allegations

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 35 of 45
148189818.3

contained in paragraph 134 of MacDonald's complaint are denied. To the extent paragraph 134 of MacDonald's complaint contains legal conclusions, no response is required.

135.    Defendants deny they caused any injury to MacDonald as alleged in paragraph 135 of MacDonald's complaint. Defendants are without sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 135 of MacDonald's complaint and are therefore unable to admit or deny the allegations. To the extent paragraph 135 of MacDonald's complaint contains legal conclusions, no response is required.

## SEVENTH CAUSE OF ACTION

## BREACH OF CONTRACT
### (Against UA)

136.    The responses to paragraphs 1 through 135 above are re-alleged and incorporated herein.

137.    The University admits only that MacDonald was a student at the University of Alaska Southeast. All remaining allegations contained in paragraph 137 of MacDonald's complaint are denied. To the extent paragraph 137 of MacDonald's complaint contains legal conclusions, no response is required.

138.    The University admits only that MacDonald was a student at the University of Alaska Southeast. All remaining allegations contained in paragraph 138 of

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
148189818.3

MacDonald's complaint are denied. To the extent paragraph 138 of MacDonald's complaint contains legal conclusions, no response is required.

139. The University admits that MacDonald and the University are bound by Board of Regents' policies, and that included within those policies are the policies governing the subject investigation. All remaining allegations contained in paragraph 139 of MacDonald's complaint are denied. To the extent paragraph 139 of MacDonald's complaint contains legal conclusions, no response is required.

140. The University denies the allegations contained in paragraph 140 of MacDonald's complaint. To the extent paragraph 139 of MacDonald's complaint contains legal conclusions, no response is required.

141. The University is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 141 of MacDonald's complaint and are therefore unable to admit or deny the allegations. To the extent the allegations contained in paragraph 141 of MacDonald's complaint allege legal conclusions, no response is required.

142. The University is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 142 of MacDonald's complaint and are therefore unable to admit or deny the allegations. To the extent the

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 37 of 45
148189818.3

Case 1:20-cv-00001-SLG   Document 28   Filed 07/07/20   Page 37 of 45

allegations contained in paragraph 142 of MacDonald's complaint allege legal conclusions, no response is required.

## EIGHTH CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY
### (Against UA)

143.    The responses to paragraphs 1 through 142 above are re-alleged and incorporated herein.

144.    The University admits only that the policies of the Board of Regents' and University Regulation apply to all parties in the subject investigation. All remaining allegations contained in paragraph 144 of MacDonald's complaint are denied. To the extent paragraph 144 of MacDonald's complaint contains legal conclusions, no response is required.

145.    The University is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 145 of MacDonald's complaint and are therefore unable to admit or deny the allegations. To the extent the allegations contained in paragraph 145 of MacDonald's complaint allege legal conclusions, no response is required.

146.    The University admits only that MacDonald was a student at the University of Alaska Southeast and was governed by the Board of Regents' policy and University Regulation. All remaining allegations contained in paragraph 146 of MacDonald's

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 38 of 45
148189818.3

complaint are denied. To the extent the allegations contained in paragraph 146 of MacDonald's complaint allege legal conclusions, no response is required.

147. The University admits only that it is governed by Board of Regents' policy and University Regulation. All remaining allegations contained in paragraph 147 of MacDonald's complaint are denied. To the extent the allegations contained in paragraph 147 of MacDonald's complaint allege legal conclusions, no response is required.

148. The University admits it notified MacDonald of the subject investigation on November 8, 2019 and advised him in the Notice of Investigation that the University had received a report that he may have violated Board of Regents' Policy and University Regulation 01.04. All remaining allegations contained in paragraph 148 of MacDonald's complaint are denied.

149. The University denies the allegations contained in paragraph 149 of MacDonald's complaint. To the extent paragraph 149 of MacDonald's complaint contains legal conclusions, no response is required.

150. The University denies the allegations contained in paragraph 150 of MacDonald's complaint. To the extent paragraph 150 of MacDonald's complaint contains legal conclusions, no response is required.

151. The University is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 151 of MacDonald's

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 39 of 45
148189818.3

Case 1:20-cv-00001-SLG   Document 28   Filed 07/07/20   Page 39 of 45

complaint and are therefore unable to admit or deny the allegations. To the extent the allegations contained in paragraph 151 of MacDonald's complaint allege legal conclusions, no response is required.

## NINTH CAUSE OF ACTION

### NEGLIGENCE
**(Against Defendants Childress and Parkey in their Individual Capacities)**

152. The responses to paragraphs 1 through 151 above are re-alleged and incorporated herein.

153. Childress and Parkey admit the allegations contained in paragraph 153 of MacDonald's complaint insofar as they had a duty to investigate the allegations made against the Plaintiff. Childress and Parkey are without sufficient information or knowledge to form a belief as to the Defendant's understanding of what constitutes a "professional" manner.

154. Childress and Parkey deny the allegations contained in paragraph 154 of MacDonald's complaint.

155. Childress and Parkey deny any breach of alleged duty. Childress and Parkey are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 155 of MacDonald's complaint and are therefore unable to admit or deny the allegations. To the extent the allegations contained

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 40 of 45
148189818.3

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

in paragraph 155 of MacDonald's complaint allege legal conclusions, no response is required.

156.    Childress and Parkey deny the allegations contained in paragraph 156 of MacDonald's complaint. To the extent the allegations contained in paragraph 156 of MacDonald's complaint allege legal conclusions, no response is required.

## TENTH CAUSE OF ACTION

### NEGLIGENCE
### (Against Defendant McCarthy in his Individual Capacity)

157.    The responses to paragraphs 1 through 156 above are re-alleged and incorporated herein.

158.    McCarthy denies he obtained materials through illegal eavesdropping or that he owed MacDonald any duty. To the extent the allegations contained in paragraph 158 of MacDonald's complaint allege legal conclusions, no response is required.

159.    McCarthy denies the allegations contained in paragraph 159 of MacDonald's complaint.

160.    As written, paragraph 160 is nonsensical. McCarthy is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 160 of MacDonald's complaint and is therefore unable to admit or deny the allegations. To the extent the allegations contained in paragraph 160 of MacDonald's complaint allege legal conclusions, no response is required.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 41 of 45
148189818.3

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

161.    Paragraph 161 of MacDonald's complaint contains legal conclusions for which no response is required.

162.    McCarthy denies he shared any "surveillance audio." The remaining allegations contained in paragraph 160 of MacDonald's complaint contain legal conclusions for which no response is required.

163.    McCarthy denies the allegations contained in paragraph 163 of MacDonald's complaint. To the extent the allegations contained in paragraph 163 of MacDonald's complaint contain legal conclusions, no response is required.

164.    McCarthy denies any breach of duty as alleged in paragraph 164 of MacDonald's complaint. McCarthy is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 164 of MacDonald's complaint and is therefore unable to admit or deny the allegations. To the extent the allegations contained in paragraph 164 of MacDonald's complaint contain legal conclusions, no response is required.

165.    McCarthy denies the allegations contained in paragraph 165 of MacDonald's complaint. To the extent the allegations contained in paragraph 165 of MacDonald's complaint contain legal conclusions, no response is required.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 42 of 45
148189818.3

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim against the Defendants upon which relief can be granted.

2.     Insofar as Plaintiff's claims against Defendants are based on claims that are barred by the applicable statute of limitations, the applicable contractual limitations period, other timeliness requirements, the Eleventh Amendment, or the doctrine of sovereign immunity, said claims should be dismissed.

3.     Some or all of the Plaintiff's claims are barred by his failure to exhaust administrative remedies, the doctrine of primary jurisdiction, and other non-litigation remedies available to him so that the parties can have a meaningful and cost-efficient opportunity to resolve their dispute.

4.     Plaintiff's claims are barred by res judicata, waiver, estoppel, unclean hands, or other equitable doctrines.

5.     In the event that any of the allegations of unlawful conduct contained in the Complaint are found to have merit, any conduct on the part of the Defendants was not "intentional," "willful," or in "reckless disregard" for the law or Plaintiff's legal rights.

6.     Defendants acted in good faith, in a reasonable and prudent manner and, therefore, are shielded from liability as provided for under, among other doctrines, the best judgment rule.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 43 of 45
148189818.3

7.     Plaintiff's alleged damages are speculative.

8.     To the extent Plaintiff has sustained any damage as alleged or to be alleged, said damage was proximately caused or contributed to by his own conduct or the conduct of a third-party for whom Defendants are not legally responsible.

9.     Plaintiff has failed to mitigate his alleged damages, if any, and is therefore barred from recovering any amount claimed and/or his recovery must, at least, be reduced by his failure to mitigate.

10.     This action is frivolous, unreasonable, and groundless, and accordingly, Defendants are entitled to attorneys' fees and other costs associated with the defense of this action.

11.     This matter violates the *Younger* abstention doctrine and should be dismissed.

12.     Defendants reserve the right to assert additional defenses.

WHEREFORE, Defendants respectfully requests the following relief:

1.     That the Plaintiff be awarded no relief and that the Complaint be dismissed with prejudice;

2.     That Defendants be awarded all costs and reasonable attorneys' fees incurred in defending against Plaintiff's claims; and

3.     For such further relief as the Court deems just and proper.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 44 of 45
148189818.3

Case 1:20-cv-00001-SLG   Document 28   Filed 07/07/20   Page 44 of 45

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DATED: July 7, 2020.

**PERKINS COIE LLP**

s/Michael E. O'Brien
Michael E. O'Brien
Alaska Bar No. 0311084

Attorney for Defendants
THE UNIVERSITY OF ALASKA, SARA
CHILDRESS IN HER INDIVIDUAL AND
SUPERVISORY CAPACITY, CHASE
PARKEY IN HIS INDIVIDUAL AND
SUPERVISORY CAPACITY, SEAN
MCCARTHY, JON TILLINGHAST

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2020 I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 1:20-cv-00001-SLG who are registered CM/ECF users will be served by the CM/ECF system.

s/ Michael E. O'Brien

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 45 of 45
148189818.3

Case 1:20-cv-00001-SLG   Document 28   Filed 07/07/20   Page 45 of 45