Michael E. O'Brien
Alaska Bar No. 0311084
MOBrien@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorney for Defendants
THE UNIVERSITY OF ALASKA, SARA
CHILDRESS IN HER INDIVIDUAL AND
SUPERVISORY CAPACITY, CHASE
PARKEY IN HIS INDIVIDUAL AND
SUPERVISORY CAPACITY, SEAN
MCCARTHY, JON TILLINGHAST

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL MACDONALD, <br><br> Plaintiff, <br><br> v. <br><br> THE UNIVERSITY OF ALASKA, SARA CHILDRESS IN HER INDIVIDUAL AND SUPERVISORY CAPACITY, CHASE PARKEY IN HIS INDIVIDUAL AND SUPERVISORY CAPACITY, SEAN MCCARTHY, JON TILLINGHAST, AND JOHN DOES 1-25, <br><br> Defendants. | Case No. 1:20-cv-00001-SLG |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Case 1:20-cv-00001-SLG   Document 32   Filed 09/18/20   Page 1 of 37

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

# TABLE OF CONTENTS

I.    Factual Background .......................................................................................... 1

II.   Procedural Background .................................................................................. 12

SUMMARY JUDGMENT STANDARD .................................................................. 12

ARGUMENT .............................................................................................................. 14

I.    SUMMARY JUDGMENT IS WARRANTED ON MACDONALD'S
      CLAIMS BASED ON THE YOUNGER ABSTENTION DOCTRINE. ....... 14

      A.    The University's Title IX Investigation Is an Ongoing,
            Quasi-Criminal Investigation that Implicates an Important
            State Interest and Provides Plaintiff with Adequate
            Opportunities to Raise Due Process Concerns............................. 14

      B.    Dismissal Is Appropriate Because MacDonald's Complaint
            Primarily Seeks Equitable Remedies. ........................................... 19

II.   SUMMARY JUDGMENT IS WARRANTED ON MACDONALD'S
      DUE PROCESS CLAIMS BECAUSE MACDONALD HAS NOT
      BEEN DEPRIVED OF ANY CONSTITUTIONALLY PROTECTED
      PROPERTY OR LIBERTY INTEREST. ..................................................... 20

      A.    MacDonald Has Not Been Deprived of Any Alleged
            Constitutionally Protected Right to Continued Enrollment at
            the University. ............................................................................... 21

      B.    MacDonald Has Not Suffered Adequate Reputational
            Damage in Order to Sustain a Procedural Due Process
            Claim. ............................................................................................ 23

      C.    The University's Purported Non-Compliance with Its
            Internal Rules Governing the Title IX Investigation Does
            Not Constitute a Constitutionally Protected Interest. ................. 24

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page i
149462676.7

D.    MacDonald's Expenditure of Money and Other Resources to Defend Himself During the University's Title IX Investigation Does Not Implicate a Recognized Property Interest Under the Due Process Clause. ...................................... 25

III.   SUMMARY JUDGMENT IS WARRANTED ON MACDONALD'S REMAINING STATE LAW CLAIMS BECAUSE THEY FAIL AS A MATTER OF LAW ...................................................................................... 25

A.    The University Is Not Subject to the Administrative Procedures Act. ............................................................... 26

B.    There Is No Contractual Relationship Governing the University's Title IX Investigation. .............................. 26

C.    MacDonald Is Not Owed a Cognizable Duty of Care. ................ 27

CONCLUSION ........................................................................................... 28

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page ii
149462676.7

# TABLE OF AUTHORITIES

**CASES**

*Abbas v. Woleben*,
Civil No. 3:13–CV–147, 2013 WL 5295672 (E.D. Va. Sept. 19, 2013).................. 27

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)................................................................................................. 12

*Beltran v. California*,
871 F.2d 777 (9th Cir. 1988) ....................................................................... 14, 15, 16

*Brown v. Rector & Visitors of Univ. of Va.*,
Civil Action No. 3:07–CV–00030, 2008 WL 1943956 (W.D. Va. May
2, 2008) .................................................................................................................... 27

*Carr v. Board of Regents of Univ. System of Ga.*,
249 F. App'x. 146 (11th Cir. 2007) .......................................................................... 27

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)............................................................................................ 12, 13

*Choudhry v. Regents of Univ. of Cal.*,
No. 16-CV-05281-RS, 2016 WL 6611067 (N.D. Cal. Nov. 9, 2016)...................... 18

*Citizens for Free Speech, LLC, v. County of Alameda*,
953 F.3d 655 (9th Cir. 2020) ............................................................................. 15, 16

*City of Los Angeles v. Heller*,
475 U.S. 796 (1986)................................................................................................. 21

*Demekpe v. Board of Trustees of Cal. State Univ.*,
No. CV 11-1177-DDP (MLG), 2011 WL 7578069 (C.D. Cal. Nov. 22,
2011), *report and recommendation adopted sub nom. Demekpe v.
Board of Trustees, Cal. State Univ.*, No. CV 11-1177-DDP MLG,
2012 WL 994638 (C.D. Cal. Mar. 21, 2012), *aff'd sub nom. Demekpe
v. Board of Trustees of Cal. State Univ.*, 551 F. App'x 338 (9th Cir.
2013) ........................................................................................................................ 24

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page iii
149462676.7

*Derendinger v. Kiewit Constr. Co.*,
  272 F. Supp. 2d 850 (Alaska 2003) ......................................................................... 13

*Doe v. Syracuse Univ.*,
  440 F. Supp. 3d 158 (N.D.N.Y. 2020) ..................................................................... 28

*Doe v. University of Kentucky*,
  860 F.3d 365 (6th Cir. 2017) ....................................................................... 16, 17, 18

*Doe v. University of Or.*,
  No. 6:17-CV-01103-AA, 2018 WL 1474531 (D. Or. Mar. 26, 2018) ..................... 22

*Federal Trade Comm'n v. Neovi, Inc.*,
  604 F.3d 1150 (9th Cir. 2010) ................................................................................. 14

*Ford v. Tait*,
  163 F. Supp. 2d 57 (D.D.C. 2001) ........................................................................... 19

*Gibson v. Walden Univ., LLC*,
  66 F. Supp. 3d 1322 (D. Oregon 2014) ................................................................... 27

*Hunt v. University of Alaska, Fairbanks*,
  52 P.3d 739 (Alaska 2002) ...................................................................................... 27

*Ingber v. New York City Dep't of Educ.*,
  No. 14 Civ. 3942(JMF), 2014 WL 2575780 (S.D.N.Y. June 9, 2014) .................... 18

*Jackson v. City of Bremerton*,
  268 F.3d 646 (9th Cir. 2001) ................................................................................... 21

*Janati v. University of Nevada Las Vegas Sch. of Dental Med.*,
  738 F. App'x 438 (9th Cir. 2018) ............................................................................ 24

*Keenan v. Allan*,
  91 F.3d 1275 (9th Cir. 1996) ................................................................................... 13

*Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*,
  616 F.3d 963 (9th Cir. 2010) ............................................................................ 20, 23

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page iv
149462676.7

Case 1:20-cv-00001-SLG   Document 32   Filed 09/18/20   Page 5 of 37

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

*Lyons v. Midnight Sun Transp. Servs., Inc.*,
   928 P.2d 1202 (Alaska 1996) ................................................................. 28

*Matushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986)................................................................................. 13

*Oyama v. University of Haw.*,
   813 F.3d 850 (9th Cir. 2015) .................................................................. 21

*Quackenbush v. Allstate Ins. Co.*,
   517 U.S. 706 (1996)........................................................................... 14, 19

*Sanchez v. Arizona Bd. of Regents*,
   No. CV-15-01591-PHX-JAT, 2015 WL 6956288 (D. Ariz. Nov. 10,
   2015) ........................................................................................................ 18

*Scott v. Henrich*,
   39 F.3d 912 (9th Cir. 1994) .................................................................... 21

*State of Alaska v. Chevron Chem. Co.*,
   669 F.2d (9th Cir. 1982) ......................................................................... 16

*Stein v. Legal Advert. Comm. of Disciplinary Bd.*,
   272 F. Supp. 2d 1260 (D.N.M. 2003) ..................................................... 19

*Trenado v. County of Orange*,
   No. SA CV 17-2062-DOC, 2018 WL 5816202 (C.D. Cal. May 2,
   2018) .................................................................................................. 22, 25

*Unknown Party v. Arizona Bd. of Regents*,
   No. CV-18-01623-PHX-DWL, 2019 WL 7282027 (D. Ariz. Dec. 27,
   2019) .................................................................................................. 23, 24

*Villiarimo v. Aloha Island Air, Inc.*,
   281 F.3d 1054 (9th Cir. 2002) ................................................................ 13

*Wengner v. Monroe*,
   282 F.3d 1068 (9th Cir. 2002) ................................................................ 23

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page v
149462676.7

*Wilde v. Komar*,
   185 F.3d 872 (9th Cir. 1999) ................................................................................... 21

*Williams v. Child Protective Servs.*,
   No. EDCV 07-1632-ABC (OP), 2012 WL 5462559 (C.D. Cal. Sept.
   20, 2012) .................................................................................................................. 21

*Woodrum v. Woodward Cty.*,
   866 F.2d 1121 (9th Cir.1989) ................................................................................... 21

STATUTES

20 U.S.C. § 1681(a) .............................................................................................................4

Alaska Administrative Procedures Act ............................................................ 25, 26, 29

Alaska Stat. § 44.62.330 ................................................................................................ 26

Title IX of the Education Amendments of 1972 ...............................................................4

RULES

Fed. R. Civ. P. 56 ...................................................................................................... 1, 28

Fed. R. Civ. P. 56(a) .................................................................................................... 12

Fed. R. Civ. P. 56(c) .................................................................................................... 13

OTHER AUTHORITIES

U.S. Const. amend. XIV ......................................................................................... 21, 23

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page vi
149462676.7

In its May 22, 2020 Order Re Plaintiff's Motion for a Preliminary Injunction, ECF No. 20, this Court stated "[n]evertheless, the Court will not at this time decide whether *Younger* abstention is appropriate in this case … [t]o the extent that UA seeks to dismiss or stay this entire case on the basis of *Younger* abstention, it may file a separate motion to that effect." [1] Defendants University of Alaska ("University"), Sara Childress ("Childress") in her individual and supervisory capacity, Chase Parkey ("Parkey") in his individual and supervisory capacity, Sean McCarthy ("McCarthy"), and Jon Tillinghast ("Tillinghast") (collectively as "Defendants"), through their counsel, Perkins Coie LLP, request, pursuant to Federal Rule of Civil Procedure 56 that the court grant this motion in their favor and dismiss Daniel MacDonald's claims with prejudice.

## I.  FACTUAL BACKGROUND

Daniel MacDonald ("MacDonald") was an enrolled student at the University of Alaska Southeast ("UAS") at all times material to this motion.[2] He had been employed by UAS as a Resident Advisor ("RA") in John Pugh Hall and Banfield Hall.

On October 21, 2019, Parkey received an email from a UAS Staff member, McCarthy, stating that during a meeting with C.M.,[3] another RA in Banfield Hall, on or

---

[1] *Id.* at 23.
[2] MacDonald graduated from UAS in May 2020, one month after the filing of this matter.
[3] Plaintiff uses pseudonyms for the two complainants and two of the witnesses in their Motion (ECF No. 11 at 6). Rather than utilize pseudonyms, the Defendants have chosen

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 1 of 30
149462676.7

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

about October 18, 2019, it was alleged, among other things, that MacDonald may be a "potential predator within the freshman hall." C.M. told McCarthy that on several occasions MacDonald would refer to the freshmen girls as "'sluts that would fuck anything' and would brag about how they all wanted to sleep with him."[4] C.M. went on to tell McCarthy that MacDonald had liked her, and when MacDonald would make advances toward her she would state she was not interested. C.M. also stated that she told MacDonald she was aware of the situation with another RA at John Pugh Hall, identified as D.P., who alleged that MacDonald had made inappropriate sexual comments to her as well. C.M. alleged that MacDonald immediately started dating a freshman girl after C.M. denied his advances, and she asserted her belief in D.P.'s statements.[5]

On Saturday, October 19, 2019, McCarthy spoke with another RA, K.G., who was friends with both MacDonald and C.M. K.G. told McCarthy that MacDonald was "harassing" C.M. and that C.M. is "very trusting and didn't really understand what all was happening in the situation or that [MacDonald] liked her."[6] MacDonald reports that

---

to use initials to protect the identity of those witnesses and avoid making a misinterpretation of whom the Able, Baker, Cable, and Davis pseudonyms actually represent.

[4] *See* Declaration of Sara Childress, Title IX Coordinator, ECF No. 16 at ¶ 2.

[5] *Id.*

[6] *Id.*

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 2 of 30
149462676.7

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

C.M. is autistic, although the University cannot verify that fact.[7] K.G. reported that she was told by C.M. that MacDonald would grab C.M.'s butt, try to kiss her, and make remarks about wanting to be in a relationship with her. K.G. also stated that when C.M. invited MacDonald over, he would try to stay the night and sometimes succeed by saying things like "friends stay the night and often sleep in the same bed."[8] It should be noted that K.G. did not want to make a report, but McCarthy is a "responsible employee," or mandatory reporter under federal law, and therefore made the report to the Title IX office.

On October 21, 2019, the same day investigator Parkey received the email from McCarthy alleging potential sexual harassment, unwanted sexual comments, and predatory behavior, Parkey reached out to the first alleged victim, C.M., with reporting and counseling resources and requested to speak with her.[9] C.M. responded to Parkey on October 28, 2019, and met with him that day.[10] A week later, on November 4, 2019, Parkey met again with C.M. and she agreed to move forward with a formal investigation.[11] Between October 28 and November 4, 2019, C.M. moved out of Banfield Hall where she and MacDonald had both been RAs.

---

[7] ECF No. 11-5 at 4.
[8] ECF No. 16 at ¶ 3.
[9] *Id.* at ¶ 4.
[10] *Id.* at ¶ 5.
[11] *Id.* at ¶ 6.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 3 of 30
149462676.7

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

On November 4, 2019, the University determined that it had jurisdiction and promptly commenced its own internal investigation.[12] Universities that are recipients of federal funds are required by Title IX of the Education Amendments of 1972 to have in place a process for addressing Title IX on campus.[13] Unlike the state criminal process, the University proceedings are civil in nature, allowing it to impose sanctions where a preponderance of the evidence supports the conclusion that a student committed sexual harassment or non-consensual sexual contact.[14]

On November 11, 2019, Title IX Coordinator Sara Childress emailed the November 8, 2019 Notice of Investigation ("NOI") to both MacDonald and the complainants (C.M. and D.P.[15]) alleging:

1. Sexual Harassment - Multiple incidents of sexual harassment towards UAS students have been alleged, beginning in the Fall 2018 semester and continuing into the Fall 2019 semester; and

2. Non-Consensual Sexual Contact - There have been allegations of non-consensual sexual contact with a UAS student in the Fall 2019

---

[12] *Id.*
[13] 20 U.S.C. § 1681(a).
[14] R.01.04.010.A.8. *See* ECF No. 11-3 at 9.
[15] ECF No. 16 at ¶ 7.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 4 of 30
149462676.7

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

semester.[16]

Pending the outcome of its investigation, the only restriction the University placed on MacDonald was that he was to avoid contact with D.P.[17]

Immediately following the transmittal of the NOI on November 11, 2019, MacDonald responded to Parkey's office unannounced, asking to speak with him. Parkey agreed to make himself available and met with MacDonald.[18] During the meeting, MacDonald admitted to making sexually harassing comments to D.P. but denied unwanted sexual contact with C.M.[19] On the same date, November 11, 2019, Parkey reached out to the complainants separately to request an interview.[20] The following is a timeline of the investigation proceedings between November 13, 2019, until March 2020[21]:

| Date | Event |
|------|-------|
| 11/13/2019 | Interview of C.M. |
| 11/14/2019 | Interview of D.P. |
| 11/14/2019 | Emails to McCarthy and K.G. requesting interviews |

---

[16] ECF No. 11-4 at 2.
[17] ECF No. 11-4 at 3. *See also* ECF No. 16 at ¶ 8.
[18] ECF No. 16 at ¶ 9.
[19] *Id.*
[20] *Id.*
[21] ECF No. 16 at ¶ 10; *see also* Second Declaration of Sara Childress, Title IX Coordinator ("Second Childress Decl.") outlining the investigation proceedings from March 2020 to present.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 5 of 30
149462676.7

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

| Date | Event |
|------|-------|
| 11/14/2019 | Interview of McCarthy |
| 11/14/2019 | Interview of K.G. |
| 11/14/2019 | Emails to additional witnesses (4) requesting interviews |
| 11/15/2019 | Witness interview conducted |
| 11/15/2019 | Email to MacDonald regarding request to arrange time to speak about investigation |
| 11/17/2019 | MacDonald responds to Parkey's request to speak and informs Parkey he would be utilizing an attorney, Joseph Lento, as his advisor in the investigation process. |
| 11/18/2019 | Parkey informs MacDonald he would need a FERPA release to speak with Lento. |
| 11/18/2019 | Signed FERPA release received |
| 11/18/2019 | Email from MacDonald (cc to Lento) requesting specific information regarding the investigation |
| 11/19/2019 | Two witness interviews conducted |
| 11/20/2019 | Witness interview conducted |
| 11/21/2019 | Email from MacDonald and Lento requesting availability for an interview the week of December 9. Parkey responds with his availability for that week. |
| 11/21/2019 | Parkey notifies complainants and respondent he will be out of the office from 11/25–12/6/19. Parkey informs complainants and respondent to contact Childress if there is any issue while he is away. |
| 11/22/2019 | MacDonald and Lento request to meet for interview on December 12 2019, at 8 a.m. The date/time is accepted by Parkey. |
| 11/25/2019 to 12/06/2019 | Parkey out of office |

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 6 of 30
149462676.7

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

| Date | Event |
|---|---|
| 12/04/2019 | Parkey receives an email from UAS Faculty Erica Hill regarding a conversation she had with her student, MacDonald, about his request for a letter for graduate school. |
| 12/09/2019 | K.G. contacts Parkey requesting to meet with him because she had learned additional information that she wanted to provide. |
| 12/09/2019 | Parkey emails complainants and respondent to notify them he is back in the office and available if they require any further assistance while the investigation continues. |
| 12/09/2019 | C.M. emails Parkey requesting to meet on December 11th. |
| 12/11/2019 | Email from MacDonald and Lento received requesting information on how the complaint was received. Parkey advises the complaint was received by a "responsible employee of the University." |
| 12/11/2019 | Parkey interviews C.M. about additional details that came out of speaking with witnesses. |
| 12/11/2019 | Parkey emails D.P. requesting to meet. |
| 12/11/2019 | Parkey emails an additional three witnesses requesting times to meet. |
| 12/12/2019 | Parkey interviews MacDonald (Advocate Lento present via Zoom). |
| 12/12/2019 | Parkey interviews witness A.M. |
| 12/12/2019 | Parkey interviews witness I.B. |
| 12/13/2019 | Parkey interviews witness S.C. |
| 12/13/2019 | Parkey interviews D.P. |
| 12/19/2019 | Parkey emails complainants and respondent regarding winter break closure from December 21, 2019–January 6, 2020. |
| 12/19/2019 | Parkey emails complainants and respondent that he would be out of office from January 5–11, 2020. |
| 12/21/2019–01/06/2020 | University closure - winter break |

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 7 of 30
149462676.7

| Date | Event |
|---|---|
| 01/05/2020–01/11/2020 | Investigator Parkey out of office |
| 01/20/2020 | Parkey receives an email from MacDonald stating he feels like K.G. is retaliating against him. He mentioned the basis of this being a comment she made about killing him, which he had previously disclosed in his interview. |
| 01/20/2020 | Parkey responds to MacDonald's email regarding K.G. requesting clarification as well as letting him know the evidence review process would take place soon. |
| 01/21/2020 | Parkey emails Lento (MacDonald's Advocate) with non-disclosure agreement regarding the evidence review. |
| 01/22/2020 | Parkey receives a signed non-disclosure agreement from Lento on behalf of MacDonald. |
| 01/22/2020 | Parkey emails complainants and respondent with instructions on how to complete the evidence review process along with a link to all evidence obtained during the investigation. The email includes the evidence review guidelines and the individual evidence review packets. |
| 01/22/2020 | Parkey receives an email from MacDonald of ten screenshot images of text messages between MacDonald and C.M. MacDonald claims he is feeling retaliated against in this email, so Parkey opens a new case. |
| 01/23/2020 | Parkey receives an email from D.P. that she reviewed the evidence and had no comments, changes, or additions. |
| 01/27/2020 | Parkey receives an email from MacDonald and Advocate Lento in response to the evidence review. |
| 02/07/2020 | Investigator Parkey decides to move family out of Alaska; tenders resignation. |
| 03/30/2020 | Tillinghast hired |
| 05/2020 | MacDonald graduates from UAS. |

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 8 of 30
149462676.7

| Date | Event |
|------|-------|
| 07/07/2020 | Tillinghast issues Confidential Investigative Report. |
| 07/08/2020 | Childress issues Notice of Outcome letter to MacDonald enclosing Investigative Report and Regents' Policy and University Regulation 01.04.100, notifying him of his right to appeal. |
| 09/03/2020 | MacDonald submits appeal of the Investigative Report. |

One of the thrusts of MacDonald's claims is that the investigation took too long. However, it is clear from the above timeline that Parkey requested an interview with MacDonald on November 15, 2019, four days after the investigation commenced. MacDonald did not respond to that email for two days, or until November 17, 2019. In the November 17, 2019 email, MacDonald stated he would be represented by counsel. In order to interact with counsel, Parkey needed a FERPA release from MacDonald. MacDonald returned a signed release on November 21, 2019, and asked for an interview three weeks later, the week of December 9th. Parkey accommodated that request for a delay and scheduled an interview for December 12th. In the end, MacDonald's requested delay pushed the investigation out almost a full 30 days. The above timeline and Declaration of Sara Childress demonstrate that Parkey actively pursued the investigation during this requested delay, but interviews that necessarily arose from facts brought forward by MacDonald's interview continued for another week. The University was closed from December 21, 2019, until January 6, 2020, and Parkey was not available until January 11,

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 9 of 30
149462676.7

2020, due to the University closure and professional training. As the above timeline makes clear, Parkey actively pursued completion of the investigation through the evidence review stage.

After the evidence reviews and any responses to those reviews, the next step in the investigation would normally be report writing. However, because of MacDonald's January 27, 2020 allegations that he had been treated unfairly,[22] combined with the fact that on February 7, 2020, Parkey provided notice that he intended to resign,[23] the University took the allegations by MacDonald under advisement and ultimately decided on March 30, 2020, to refer the investigation to an outside investigator, Attorney Tillinghast.[24]

Prior to a conclusion and subsequent resolution of the University's ongoing investigation, MacDonald sued the University, and the three named University employees, along with a contract investigator, initially seeking a preliminary injunction and temporary restraining order to stop the Title IX investigation and leave the claims unanswered to allow him to complete his studies without determining whether any

---

[22] ECF No. 11-5 at 5-8.
[23] Parkey's resignation, ECF No. 15-1.
[24] Board of Regents' Policy 01.04.120.B allows for a party in the Title IX process to question whether an investigator has a conflict of interest, "whether real or reasonably perceived," and for his or her removal from a matter.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 10 of 30
149462676.7

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

misconduct occurred. [25] The preliminary injunction was denied and the subject investigation continued under Tillinghast. [26] The confidential investigation report ("Report") was issued on July 7, 2020, with the following findings:

- Re Complainant 1 - "Based on the information obtained during the investigation, a preponderance of the evidence does not support a violation of University rule R01.04.010.B.6."[27]

- Re Complainant 2 - "Taking into consideration all of the information contained in the evidence and the totality of the circumstances, a preponderance of the evidence does not support a violation of University rule R01.04.010.B.2.c."[28]

On July 8, 2020, Childress issued a Notice of Outcome to MacDonald enclosing the Report and Board of Regents' Policy and R.01.04.100, notifying him of his right to appeal.[29] The Notice of Outcome had a different finding than the Report, concluding:

- "Based on the information obtained during the investigation, a preponderance of the evidence does not support a violation of University rule R.01.04.010.B.6 with respect to the facts pertinent to Complainant 1."

- "Taking into consideration all of the information contained in the evidence and the totality of the circumstances, a preponderance of the evidence does support a violation of University rule R.01.04.010.B.2.c with respect to Complainant 2."

---

[25] *See* ECF No. 11.
[26] *See* ECF No. 20.
[27] See Second Childress Decl. at ¶ 4; Ex. A (Notice of Outcome, Jul. 8, 2020 without enclosures).
[28] Second Childress Decl. at ¶ 4
[29] *Id.* at ¶ 5. *See also* Ex. A.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 11 of 30
149462676.7

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

On September 3, 2020, MacDonald appealed the findings of the Notice of Outcome, specifically, the finding related to Complainant 2, pursuant to Board of Regents' Policy and R.01.04.100. As of the date of this filing, the appeal is pending before the Title IX Coordinator at the University of Alaska Fairbanks.[30]

## II.    PROCEDURAL BACKGROUND

Defendants now move for summary judgment on all ten of MacDonald's claims.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[31] "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."[32] The moving party bears the initial responsibility of informing the court of the basis for its motion and for identifying those portions of the record which demonstrate the absence of a genuine issue of material fact.[33]

---

[30] Second Childress Decl. at ¶ 9.
[31] Fed. R. Civ. P. 56(a).
[32] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).
[33] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 12 of 30
149462676.7

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.[34] When the moving party has carried its burden, the opponent must do more than simply show there is some metaphysical doubt as to the material facts.[35] The opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, depositions, or other admissible discovery material.[36] "[M]ere allegations of factual dispute, without more, will not defeat an otherwise proper motion."[37] Courts will refuse to find a "genuine issue" where the only evidence presented is "uncorroborated and self-serving" testimony.[38] The court need not find a genuine issue of fact where the plaintiff puts forward "nothing more than a few

---

[34] *Id.*

[35] *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). *See also Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) ("[I]t is not [the task] of the district court, to scour the record in search of a genuine issue of triable fact. [The courts] rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment.").

[36] Fed. R. Civ. P. 56(c); *Keenan*, 91 F.3d at 1279 (the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment.").

[37] *Derendinger v. Kiewit Constr. Co.*, 272 F. Supp. 2d 850, 853 (D. Alaska 2003) (citing *Provenz v. Miller*, 102 F.3d 1478, 1489-90 (9th Cir. 1996); *Angel v. Seattle-First Nat'l Bank*, 653 F.2d 1293, 1299 (9th Cir. 1981) ("A motion for summary judgment cannot be defeated by mere conclusory allegations unsupported by factual data")).

[38] *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 13 of 30
149462676.7

Case 1:20-cv-00001-SLG   Document 32   Filed 09/18/20   Page 20 of 37

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

bald, uncorroborated, and conclusory assertions rather than evidence."[39] Applying these

standards, summary judgment is appropriate on MacDonald's claims.

## ARGUMENT

I.  **SUMMARY JUDGMENT IS WARRANTED ON MACDONALD'S CLAIMS BASED ON THE *YOUNGER* ABSTENTION DOCTRINE.**

MacDonald's Complaint sets forth ten causes of action that primarily seek some

form of equitable relief as to the University's Title IX investigation. However, such

claims are subject to the *Younger* abstention doctrine and should be dismissed.[40]

### A.   The University's Title IX Investigation Is an Ongoing, Quasi-Criminal Investigation that Implicates an Important State Interest and Provides Plaintiff with Adequate Opportunities to Raise Due Process Concerns.

Under *Younger*, a federal court may abstain from exercising its jurisdiction "where

denying a federal forum would clearly serve an important countervailing interest."[41] The

*Younger* abstention doctrine is applicable if a proceeding: "(1) is ongoing, (2) constitutes

a quasi-criminal enforcement action, (3) implicates an important state interest, and (4)

---

[39] *Federal Trade Comm'n v. Neovi, Inc.*, 604 F.3d 1150, 1159 (9th Cir. 2010) (affirming district court's determination that there was no triable issue of fact created by uncorroborated and self-serving declaration).
[40] *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988) ("Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, *Younger* abstention requires dismissal of the federal action.")
[41] *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976)).

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 14 of 30
149462676.7

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

allows litigants to raise a federal challenge."[42] As demonstrated more fully below, the University's Title IX investigation meets all four factors, and *Younger* abstention applies.

The University's Title IX investigation is both ongoing and implicates an important state interest. There is no dispute that the University's Title IX investigation is considered "ongoing" under *Younger* because courts look at the status of a proceeding at the time the federal action was filed,[43] and the Title IX investigation certainly was still pending at the time MacDonald filed his Complaint.[44] Moreover, preventing sexual harassment and sexual assault on the University's campuses is an important state interest, as the University's Board of Regents has affirmed in its Policy:

> The Board of Regents of the University of Alaska System affirms its commitment to a safe and healthy educational and work environment in which educational programs and activities are free of discrimination on the basis of sex. The board further affirms its commitment to respond appropriately to sexual harassment and sexual violence, in accordance with applicable law as amended from time to time, including Title IX of the Education Amendments of 1972, the Violence Against Women Reauthorization Act, Title VII of the Civil Rights Act of 1964 (which prohibits

---

[42] *Citizens for Free Speech, LLC, v. County of Alameda*, 953 F.3d 655, 657 (9th Cir. 2020) (citing *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014)).

[43] *Beltran*, 871 F.2d at 782.

[44] *Compare* dates of Ex. A (Notice of Outcome, July 8, 2020) *with* ECF No. 1 (complaint filed Apr. 14, 2020).

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 15 of 30
149462676.7

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

discrimination on the basis of sex in employment), Alaska Statute 18.80, and due process of law.[45]

Accordingly, the first and third factors are satisfied under the *Younger* doctrine, even if the University's Title IX investigation has since concluded.[46]

Next, the University is a constitutionally created state agency of the State of Alaska[47] and is engaging in a quasi-criminal enforcement action of its campus sexual harassment regulations. The U.S. Supreme Court has held that a state's civil actions, conducted to police its interests, qualify as "quasi-criminal enforcement":

> civil enforcement proceedings initiated by the state to sanction the federal plaintiff ... for some wrongful act, including investigations often culminating in the filing of a formal complaint or charges, meet the 'quasi-criminal enforcement' requirement.[48]

A Title IX investigation meets this standard. The Sixth Circuit previously analyzed this issue in *Doe v. University of Kentucky* ("*Doe*") and found that the *Younger* abstention doctrine prohibits a student from attaining an injunction to stop a public university's Title

---

[45] P.01.04.000 (Preamble). *See* ECF No. 11-3 at 2.

[46] *Beltran*, 871 F.2d at 782 (explaining that the state proceedings were still ongoing under *Younger* even though they were completed by the time the district court had received motions for summary judgment, and that dismissal was the appropriate course of action).

[47] *State of Alaska v. Chevron Chem. Co.*, 669 F.2d at 1299, 1301–02 (9th Cir. 1982).

[48] *Citizens for Free Speech, LLC,* 953 F.3d at 657, citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79–80 (2013).

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 16 of 30
149462676.7

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

IX investigation and sanctions process.[49] The *Doe* holding speaks directly to the facts of this case:

> A state actor, the public University, is a party to the proceeding and initiated the action. Additionally, the case against Doe involved a filed complaint, an investigation, notice of the charge, and the opportunity to introduce witnesses and evidence. Although the proceeding lacks some of the due process protections for a criminal trial, such as having an attorney cross-examine witnesses and being able to subpoena witnesses, that does not destroy the applicability of *Younger* abstention. Doe focuses on the fact that an attorney cannot cross-examine witnesses as a key reason why abstention should not apply, but cross-examination is permitted. Doe could submit questions to a hearing officer who would present them to the witness, and counsel can be present. And we have previously stated that school disciplinary proceedings, while requiring some level of due process, need not reach the same level of protection that would be present in a criminal prosecution. Thus, while the proceeding may lack all the formalities found in a trial, it contains enough protections and similarities to qualify as "akin to criminal prosecutions" for purposes of *Younger* abstention.

Here, as in *Doe,* the University is engaging in an ongoing Title IX enforcement action against MacDonald that resulted in a formal complaint against him and that may result in sanctions. Further, MacDonald was allowed to view the evidence against him and submit questions and evidence to the investigator as part of the University's evidence review

---

[49] 860 F.3d 365, 371 (6th Cir. 2017) (holding "the district court was correct in finding *Younger* abstention precluded its involvement in the case.").

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

process.[50] Accordingly, the University's Title IX enforcement action qualifies as a "quasi-criminal enforcement action" under *Younger*.[51]

Finally, the *Younger* abstention doctrine is applicable in this case because the University's Board of Regents' Policy and University Regulations afford MacDonald an opportunity to raise the very same due process issues he raises in his Complaint: he complained about Parkey's bias, and Parkey was ultimately replaced; he can suggest witnesses to be interviewed and to present evidence; he has the right to have counsel assist him; and he has full appeal rights, which he has pursued.[52]

---

[50] The evidence review materials include all materials considered by the investigator for purposes of the pending investigation report. MacDonald and his advocate were notified of the availability of the evidence files, and as mentioned in the above timeline of events, reviewed the evidence files and provided a response alleging MacDonald had been treated unfairly. MacDonald also submitted some text messages as rebuttal evidence. *See also* ECF No. 11-5.

[51] Other courts have similarly concluded that the *Younger* abstention doctrine applies to school-related disciplinary proceedings. E.g., *Doe*, 860 F.3d at 370 (university student disciplinary proceeding); *Choudhry v. Regents of Univ. of Cal.*, No. 16-CV-05281-RS, 2016 WL 6611067, at *3 (N.D. Cal. Nov. 9, 2016) (university faculty disciplinary proceeding); *Sanchez v. Arizona Bd. of Regents*, No. CV-15-01591-PHX-JAT, 2015 WL 6956288, at *3 (D. Ariz. Nov. 10, 2015) (university student disciplinary proceeding); *Ingber v. New York City Dep't of Educ.*, No. 14 Civ. 3942(JMF), 2014 WL 2575780, at *4 (S.D.N.Y. June 9, 2014) (school teacher disciplinary proceeding).

[52] R.01.04.100. *See* ECF No. 11-3 at 7; ECF No. 16 at ¶¶ 10, 12; Second Childress Decl. at ¶¶ 7-9.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 18 of 30
149462676.7

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

### B. Dismissal Is Appropriate Because MacDonald's Complaint Primarily Seeks Equitable Remedies.

Dismissal of MacDonald's Complaint is appropriate because he primarily seeks equitable relief.[53] Other courts have determined that dismissal based on the *Younger* abstention doctrine in factual similar circumstances as here.[54] Such cases acknowledge a crucial distinction between the facts at hand and those in *Quackenbush*,[55] in which the Supreme Court indicated that abstention *may* not support the outright dismissal of a case in which damages are sought. The relevant distinction is grounded in basis for removal and the extent of equitable remedies sought. Indeed, unlike *Quackenbush* and more like *Stein* and *Ford*, MacDonald premises jurisdiction on federal-question jurisdiction by alleging constitutional deprivations and seeks primarily equitable relief. Therefore, the Court should dismiss MacDonald's claims in their entirety based on the *Younger* abstention doctrine.

---

[53] *See Stein v. Legal Advert. Comm. of Disciplinary Bd.,* 272 F. Supp. 2d 1260, 1275 (D.N.M. 2003). *See also Ford v. Tait*, 163 F. Supp. 57, 66–67 (D.D.C. 2001).
[54] *Id.*
[55] 517 U.S. at 721.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 19 of 30
149462676.7

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

## II. SUMMARY JUDGMENT IS WARRANTED ON MACDONALD'S DUE PROCESS CLAIMS BECAUSE MACDONALD HAS NOT BEEN DEPRIVED OF ANY CONSTITUTIONALLY PROTECTED PROPERTY OR LIBERTY INTEREST.

MacDonald's First through Fifth Causes of Action (collectively referred to as "Due Process Claims") are premised on Defendants' purported violations of his due process rights. "A procedural due process claim has two elements: deprivation of a constitutionally protected liberty or property interest and denial of adequate procedural protection."[56] However, MacDonald's Due Process Claims are subject to one fatal flaw: MacDonald has not actually suffered a deprivation of any constitutionally protected property or liberty interest. It is not entirely clear from the record, including MacDonald's Complaint, the protected property interest of which MacDonald purportedly has been deprived, but it appears that he attempts to base his Due Process Claims on the following constitutionally protected interests: 1) continued enrollment at a public university; 2) injury to his reputation; 3) the University's violations of its own internal rules; and 4) the expenditure of attorney's fees during the course of defending himself. Any potential constitutionally protected interest(s) set forth by MacDonald fail as a matter of law because MacDonald has not actually suffered a deprivation of such interest or the interest

---

[56] *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 970 (9th Cir. 2010) (citing *Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998)).

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 20 of 30
149462676.7

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

is not constitutionally protected. Because the facts demonstrate that MacDonald has not been deprived of a constitutionally protected property or liberty interest, all of MacDonald's Due Process Claims fail, including MacDonald's *Monell* claims (Third and Fourth Causes of Action)[57] and Section 1983 conspiracy claim (Fifth Cause of Action), and all should be dismissed with prejudice.[58]

### A. MacDonald Has Not Been Deprived of Any Alleged Constitutionally Protected Right to Continued Enrollment at the University.

Assuming *arguendo* that MacDonald has a constitutionally protected interest in continued enrollment at the University,[59] the facts uncontrovertibly demonstrate that he

---

[57] *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual [municipal employee], the fact that the departmental regulations might have *authorized* [unconstitutional conduct] is quite beside the point.") (emphasis in original); *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) ("While the liability of municipalities doesn't turn on the liability of individual officers, it is contingent on a violation of constitutional rights. Here, the municipal defendants cannot be held liable because no constitutional violation occurred."); *see also Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001) ("Neither a municipality nor a supervisor, however, can be held liable under Section 1983 where no injury or constitutional violation has occurred."); *Williams v. Child Protective Servs.*, No. EDCV 07-1632-ABC (OP), 2012 WL 5462559, at *11–12 (C.D. Cal. Sept. 20, 2012) (concluding that there was no *Monell* liability on the part of the municipality after finding that child's removal from home was warranted and thus did not constitute a Fourteenth Amendment violation).

[58] *Wilde v. Komar*, 185 F.3d 872 (9th Cir. 1999) (explaining that if an individual was not deprived of any federal rights, then a conspiracy claim is not cognizable); *Woodrum v. Woodward Cnty.,* 866 F.2d 1121, 1126 (9th Cir.1989) (same).

[59] The United States Supreme Court and the Ninth Circuit Court of Appeals have not actually decided this issue on the merits. *See e.g., Oyama v. Univ. of Haw.*, 813 F.3d 850,

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 21 of 30
149462676.7

Case 1:20-cv-00001-SLG   Document 32   Filed 09/18/20   Page 28 of 37

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

has not actually suffered a deprivation of this purported interest. Even if MacDonald is able to demonstrate that Defendants failed to conduct a fair Title IX investigation (which he cannot), this Court must examine whether this conduct resulted in or caused the deprivation of his asserted liberty or property interest. Here, MacDonald was never suspended, expelled, or denied his undergraduate degree. Indeed, MacDonald remained an enrolled student, continued to take classes, and graduated in May 2020;[60] indeed, the University placed no constraints or prohibitions impeding MacDonald's right to a continued education.[61] As such, MacDonald has not, and cannot, demonstrate that he suffered a deprivation of his right to continued enrollment at the University.[62]

---

874–75 (9th Cir. 2015) (assuming, without deciding, that there is a protected liberty or property interest implicated when a student is dismissed from a public university); *see also Doe v. Univ. of Or.*, No. 6:17-CV-01103-AA, 2018 WL 1474531, at *11-14 (D. Or. Mar. 26, 2018) (determining that individual defendants were entitled to qualified immunity in light of a lack of clear Supreme Court or Ninth Circuit authority on resolving whether continued enrollment at a public university is a protected property interest, or whether suspension or expulsion from a public university implicates a protected liberty interest).

[60] Second Childress Decl. at ¶ 3.

[61] ECF No. 16 at ¶ 8 (stating that MacDonald was only prohibited from speaking to one of the complainants).

[62] *See Trenado v. County of Orange*, No. SA CV 17-2062-DOC (SSx), 2018 WL 5816202, at *7 (C.D. Cal. May 2, 2018) (explaining that there was no deprivation of plaintiff's constitutionally protected liberty interest in familial relations as a result of the alleged fabricated evidence and false statements because such actions did not result in the adoptive child being removed from plaintiff's custody).

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 22 of 30
149462676.7

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

### B. MacDonald Has Not Suffered Adequate Reputational Damage in Order to Sustain a Procedural Due Process Claim.

MacDonald also seemingly attempts to base his Due Process Claims on "his prospects for continuing his education at the graduate level leading to employment in academia."[63] However, "injury to reputation standing alone does not violate the Due Process Clause of the Fourteenth Amendment; one's interest in reputation standing alone is neither liberty nor property guaranteed against state deprivation without due process of law."[64] Reputational damage, such as MacDonald's alleged diminished prospects for pursuing a graduate degree and/or a career in academia, must be accompanied by, among other things, the "alteration of some right or status recognized by state law."[65] The undisputed facts demonstrate that MacDonald has not suffered the additional harm that

---

[63] ECF No. 1, at ¶¶ 68-69.

[64] *Wengner v. Monroe*, 282 F.3d 1068, 1074 (9th Cir. 2002).

[65] *Unknown Party v. Arizona Bd. of Regents*, No. CV-18-01623-PHX-DWL, 2019 WL 7282027, at *10 (D. Ariz. Dec. 27, 2019) (explaining the stigma-plus test). *See also Krainski*, 616 F.3d at 971 (dismissing § 1983 claim against university officials that was based on the theory that the officials "damaged [the plaintiff's] reputation by charging her with violations of the Student Conduct Code; finding her 'Responsible' of those charges; and 'tarnishing [her] educational transcript and record,'" because "[s]uch allegations amount to mere reputational injury ... and, without more, do not rise to the level of a deprivation of a constitutionally protected liberty or property interest.")

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 23 of 30
149462676.7

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

is required under the stigma-plus test and, therefore, MacDonald does not have a constitutionally protected interest in his academic reputation.[66]

### C. The University's Purported Non-Compliance with Its Internal Rules Governing the Title IX Investigation Does Not Constitute a Constitutionally Protected Interest.

MacDonald arguably attempts to couch his Due Process Claims based on his belief that Defendants conducted the Title IX investigation in violation of the policies outlined in Board of Regents' Policy 01.04. Even if this were true, which it is not, Defendants' purported violation of the policies outlined in P.01.04 does not, by itself, give rise to a constitutionally cognizable due process violation.[67] The Ninth Circuit has repeatedly declined to infer a constitutionally protected liberty interest law or regulation that merely outlines procedural requirements, even if such procedures are considered mandatory.[68]

---

[66] Alternatively, Defendants are entitled to qualified immunity based on this alleged constitutionally protected interest because "although the Ninth Circuit has indicated that the stigma-plus test may apply in the university discipline context, it has not clarified what sort of harm would trigger constitutional protections." *See Unknown Party*, 2019 WL 7282027, at *10.

[67] *See Janati v. Univ. of Nevada Las Vegas Sch. of Dental Med.*, 738 F. App'x 438, 438–39 (9th Cir. 2018).

[68] *Demekpe v. Bd. of Trs. of Cal. State Univ.*, No. CV 11-1177-DDP (MLG), 2011 WL 7578069, at *5 (C.D. Cal. Nov. 22, 2011), *report and recommendation adopted sub nom. Demekpe v. Bd. of Trs., Cal. State Univ.*, No. CV 11-1177-DDP MLG, 2012 WL 994638 (C.D. Cal. Mar. 21, 2012), *aff'd sub nom. Demekpe v. Bd. of Trs. of Cal. State Univ.*, 551 F. App'x 338 (9th Cir. 2013) (collecting Ninth Circuit cases).

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 24 of 30
149462676.7

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

### D. MacDonald's Expenditure of Money and Other Resources to Defend Himself During the University's Title IX Investigation Does Not Implicate a Recognized Property Interest Under the Due Process Clause.

To the extent MacDonald is attempting to claim that any expenses incurred as a result of defending himself during the University's Title IX investigation is a constitutionally protected interest, such incidental losses do not give rise to an independent protected property interest. "Although the Ninth Circuit has not directly addressed this issue, three other circuits have held that an aggrieved party's expenditure of attorney's fees does not constitute a deprivation of property absent a statute or other rule requiring the government to pay the fees."[69]

## III. SUMMARY JUDGMENT IS WARRANTED ON MACDONALD'S REMAINING STATE LAW CLAIMS BECAUSE THEY FAIL AS A MATTER OF LAW.

MacDonald's Sixth through Tenth Causes of Action (collectively referred to as "State Law Claims") also are subject to dismissal at summary judgment because there is no material factual dispute that: 1) the University is not subject to the Administrative Procedures Act; 2) MacDonald did not have a contract with the University in relation to

---

[69] *Trenado*, 2018 WL 5816202, at *8 (citing *Powell v. Fujimoto*, 119 F.App'x 803, 806 (7th Cir. 2004); *All Aire Conditioning, Inc. v. City of New York*, 979 F. Supp. 1010, 1015 (S.D.N.Y. 1997), *affirmed*, 166 F.3d 1199 (2d Cir. 1998); *Patton v. Holland*, 74 F.3d 1233 (unpublished decision), at *3 (4th Cir. Jan. 8, 1996) ("He has no property interest in attorney's fees."); *Workman v. Jordan*, 32 F.3d 475, 482 n.4 (10th Cir. 1994) ("These incidental losses do not give rise to an independent protected property interest.")).

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 25 of 30
149462676.7

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

its Title IX investigation; and 3) Childress, Parkey, and McCarthy did not owe MacDonald a cognizable duty of care.[70]

## A. The University Is Not Subject to the Administrative Procedures Act.

MacDonald's Sixth Cause of Action, which is based on a purported violation of Alaska's Administrative Procedures Act ("APA"), can be summarily dismissed with prejudice because the University is not subject to the APA.[71]

## B. There Is No Contractual Relationship Governing the University's Title IX Investigation.

MacDonald's Seventh and Eighth Causes of Action are doomed based on the lack of a contractual relationship between MacDonald and the University in relation to its Title IX investigation. MacDonald attempts to base his breach of contract and breach of implied warranty claims on the fact that MacDonald and the University were contractually bound to follow the policies established by the Board of Regents, including P.01.04, as a condition of MacDonald's attendance at the University.[72] In Alaska, however, the state courts have never held that a contract, specifically a contract stemming

---

[70] Alternatively, if the Court does not dismiss MacDonald's State Law Claims, it should decline to exercise supplemental jurisdiction and remand these remaining claims to state court.
[71] AS 44.62.330 setting forth the agencies subject to the APA, which does not include the University or the Board of Regents.
[72] ECF No. 1, at ¶¶ 139, 144.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 26 of 30
149462676.7

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

from a university catalog, exists between a student and a university.[73] This stance is in line with the federal courts' position, which is that a public university's generally applicable policies available in a public university's catalog or handbook—as opposed to individualized agreements that promise specific services to particular students—do not create a contract with an enrolled student.[74] A lack of a contract between MacDonald and the University in relation to the Title IX investigation requires dismissal of MacDonald's Seventh and Eighth Causes of Action.

### C. MacDonald Is Not Owed a Cognizable Duty of Care.

Finally, MacDonald's Ninth and Tenth Causes of Action (collectively referred to as "Negligence Claims") against Childress, Parkey, and McCarthy for their negligence in conducting the Title IX investigation and utilizing surveillance video are meritless and

---

[73] *Hunt v. Univ. of Alaska, Fairbanks*, 52 P.3d 739, 744-45 (Alaska 2002), *citing Bruner v. Petersen*, 944 P.2d 43 (Alaska 1997).

[74] *Gibson v. Walden Univ., LLC*, 66 F. Supp. 3d 1322, 1325 (D. Oregon 2014), *stating* "Other Circuits and Districts have confronted situations more closely analogous to the present case. In *Carr v. Bd. of Regents of Univ. System of Ga.,* 249 F. App'x. 146, 150–51 (11th Cir. 2007), the Eleventh Circuit held that an undergraduate catalog did not constitute a contract, in part because it contained express disclaimers to that effect. *See also Abbas v. Woleben,* Civil No. 3:13–CV–147, 2013 WL 5295672, at *4 (E.D. Va. Sept. 19, 2013) (finding that university handbooks and catalogs do not form a contract when the terms are not binding on the university); *Brown v. Rector & Visitors of Univ. of Va.,* Civil Action No. 3:07–CV–00030, 2008 WL 1943956, at *6 (W.D. Va. May 2, 2008) (holding that a student handbook did not constitute a binding contract based on its disclaimers)."

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 27 of 30
149462676.7

Case 1:20-cv-00001-SLG   Document 32   Filed 09/18/20   Page 34 of 37

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

fail at the first step of his *prima facie* case.[75] MacDonald has not identified, nor can he

plausibly identify, a cognizable duty of care that Childress, Parkey, or McCarthy owe

him. Defendants are not aware of, nor were they able to find, any precedent in which a

court found that an accused individual was entitled to a duty of care when conducting a

Title IX investigation.[76] MacDonald's Negligence Claims cannot proceed without a

cognizable duty of care.

## CONCLUSION

All of MacDonald's claims should be dismissed pursuant to Federal Rule of Civil

Procedure 56. Summary judgment is warranted because MacDonald's claims are subject

to the *Younger* abstention doctrine, and dismissal is more appropriate given that

MacDonald's Complaint primarily seeks equitable relief. Moreover, even if the Court

does not determine that the *Younger* doctrine warrants dismissal of MacDonald's claims,

dismissal is still appropriate. MacDonald's Due Process Claims cannot withstand

Defendants' Motion for Summary Judgment because the facts conclusively demonstrate

---

[75] *See* "Duty, breach of duty, causation, and harm are the separate and distinct elements of a negligence claim, all of which must be proven before a defendant can be held liable for the plaintiff's injuries." *Lyons v. Midnight Sun Transp. Servs., Inc.*, 928 P.2d 1202, 1204 (Alaska 1996).

[76] Indeed, the handful of courts addressing this specific issue determined that such type of plaintiff was not owed a duty of care in connection with defendants' investigation and dismissed the plaintiff's claim for negligence. *See e.g., Doe v. Syracuse Univ.*, 440 F. Supp. 3d 158, 181 (N.D.N.Y. 2020).

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 28 of 30
149462676.7

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

that MacDonald has not actually been deprived of any constitutionally protected interest. Thus, all of the purported procedural missteps highlighted by MacDonald actually are irrelevant without an accompanying deprivation of a constitutionally protected interest in property or liberty. Defendants therefore are entitled to summary judgment on MacDonald's Due Process Claims. MacDonald's State Law Claims also fail as a matter of law. No facts in the record would create a triable issue of fact as to MacDonald's State Law Claims because the University is not subject to the APA, there is no contractual relationship governing the University's Title IX investigation, and MacDonald is not owed a cognizable duty of care. For such reasons, Defendants are entitled to summary judgment on all of MacDonald's claims, and the claims should be dismissed with prejudice.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 29 of 30
149462676.7

DATED: September 18, 2020.

**PERKINS COIE LLP**

s/Michael E. O'Brien
Michael E. O'Brien
Alaska Bar No. 0311084

Attorney for Defendants
THE UNIVERSITY OF ALASKA, SARA
CHILDRESS IN HER INDIVIDUAL AND
SUPERVISORY CAPACITY, CHASE
PARKEY IN HIS INDIVIDUAL AND
SUPERVISORY CAPACITY, SEAN
MCCARTHY, JON TILLINGHAST

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2020 I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 1:20-cv-00001-SLG who are registered CM/ECF users will be served by the CM/ECF system.

s/ Michael E. O'Brien

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM
IN SUPPORT THEREOF
*MacDonald v. University of Alaska, et al.*
Case No. 1:20-cv-00001-SLG
Page 30 of 30
149462676.7

Case 1:20-cv-00001-SLG   Document 32   Filed 09/18/20   Page 37 of 37