**Keith Altman** (*pro hac vice*)
**The Law Office of Keith Altman**
**33228 West 12 Mile Road, Suite 375**
**Farmington Hills, MI 48334**
**(516)456-5885**
**kaltman@lawampmmt.com**

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| **DANIEL MACDONALD,**<br><br>    **PLAINTIFF,**<br><br>**V.**<br><br>**THE UNIVERSITY OF ALASKA, SARA CHILDRESS IN HER INDIVIDUAL AND SUPERVISORY CAPACITY, CHASE PARKEY IN HIS INDIVIDUAL AND SUPERVISORY CAPACITY, SEAN MCCARTHY, JON TILLINGHAST, AND JOHN DOES 1-25** | Case: 1:20-cv-00001-SLG<br>Hon: Sharon L. Gleason |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF #32)**

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES _____ iii
STATEMENT OF RELEVANT FACTS_____ 1
LEGAL STANDAGE _____ 3
ARGUMENT _____ 5
   I.   Summary Judgment is Premature as Discovery has not yet Commenced _____ 5
   II.  Only One of Plaintiff's Claims Seeks Injunctive Relief _____ 8
   III.  MacDonald Has Been Deprived of Constitutional Rights._____ 8
   IV.  Plaintiff's State Court Claims Should Not Be Dismissed_____ 10
   A.  UA is Subject to the Administrative Procedures Act_____ 11
   B.  There is a Contractual Relationship Between Plaintiff and UA _____ 11
   C.  Defendants Owe Plaintiff a Duty of Care _____ 12
CONCLUSION _____ 13
CERTIFICATE OF SERVICE_____ 15

# TABLE OF AUTHORITIES

**Cases**
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ........................................................ 6
*Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*,
    323 F.3d 767 (9th Cir. 2003) ............................................................................................ 6
*Charfauros v. Bd. of Elections*, 2001 U.S. App. LEXIS 15083 (9th Cir. May 10, 2001) ... 5
*Doe v. Sarah Lawrence Coll.*, No. 19-CV-10028 (PMH), 2020 U.S. Dist. LEXIS 64245
    (S.D.N.Y. Apr. 10, 2020) ......................................................................................... 11, 13
*Doe v. Syracuse Univ.*, 440 F. Supp. 3d 158 (N.D.N.Y. 2020) ......................................... 13
*Foman v. Davis*, 371 U.S. 178 (1962) ............................................................................... 13
*Goss v. Lopez*, 419 U.S. 565 (1975) .................................................................................... 4
*Hunt v. Univ. of Alaska, Fairbanks*, 52 P.3d 739 (Alaska 2002) ...................................... 12
*Krainski v. State ex rel. Bd. of Regents*, 616 F.3d 963 (9th Cir. 2010) .............................. 4
*Stivers v. Pierce*, 71 F.3d 732 (9th Cir. 1995) .................................................................... 5

**Statutes**
42 U.S.C. § 1988(b) ............................................................................................................ 10
AS 42.20.310 ........................................................................................................................ 8
AS 44.62 ............................................................................................................................. 11
AS 44.62.010 ...................................................................................................................... 11
AS 44.62.320 ...................................................................................................................... 11
AS 44.62.330 ...................................................................................................................... 11
AS 44.62.630 ...................................................................................................................... 11
Title IX (20 U.S.C. § 1681, *et seq*.) .............................................................................. passim

**Rules**
Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 7
Fed. R. Civ. P. 12(c) ............................................................................................................. 7
Fed. R. Civ. P. 56 .................................................................................................................. 7
Fed. R. Civ. P. 56(d) ............................................................................................................. 6
P01.04 ................................................................................................................................... 1

**Treatises**
5 Charles Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1278 (3d ed.
    1998) ................................................................................................................................ 10

**Constitutional Provisions**
U.S. Const. Amend 5 ............................................................................................................ 3
U.S. Const. Amend. 14 ......................................................................................................... 3

# STATEMENT OF RELEVANT FACTS

Plaintiff Daniel MacDonald commenced an action against Defendants seeking declaratory relief, injunctive relief, and damages relating to Defendant University of Alaska's ("UA") investigation of allegations of sexual harassment and non-consensual sexual contact lodged against Plaintiff in violation of Title IX (20 U.S.C. § 1681, *et seq*.). (ECF # 1).

In accordance with policy R01.04.090[1], policies are set forth concerning the investigation of complaints of sexual harassment. Subsection A sets forth the conduct of the investigation. Subsection C of R01.04.090 sets forth that the investigation **will** be completed and a final report issued within approximately 50 days. The timeline may be extended for good cause for which the parties must be notified.

On November 8, 2019, Plaintiff received a letter from Defendant Childress that he was under investigation for sexual harassment and non-consensual sexual contact. ECF #11-2, ¶11, ECF # 11-4. In the letter, Plaintiff was advised that Defendant Parkey would be conducting the investigation. *Id.* Furthermore, Plaintiff was promised a "prompt and impartial" investigation. *Id.* A reference to UA's sexual harassment policy, P01.04, was

---

[1] See Regents' Policy chapter 01.04 on sexual discrimination, section P01.04.110(A)(1)(a) located at https://www.alaska.edu/bor/policy/01-04.pdf. Plaintiff respectfully requests that this Court take judicial notice of UA's policies under F.R.E. 201. UA is public institution of higher learning chartered by the State of Alaska and is an agent of the State. The above polices are made available to the public and are provided by UA on its website. Furthermore, this document was referenced by Defendant UA in correspondence directed at Plaintiff. Attached as Exhibit "B".

Plaintiff's Opp. to Defendants' MSJ, MacDonald v. University of Alaska, et al., 1:20-cv-00001     1

made within the letter implying that the investigation would be conducted under that policy. *Id.*

The investigation was to be completed by December 28, 2019, under R01.04.090(c). ECF #11-3, p. 18. If good cause existed for an extension of time, Plaintiff was to be notified and provided with the basis for the extension. *Id.* at p. 19. At no time before December 28, 2019, was the Plaintiff informed of the investigation being extended. ECF #11-2, ¶ 15. Not only was the investigation not completed by December 28, 2019, but the investigator appointed by UA was ultimately removed. ECF # 11-2, ¶ 19, ECF # 11-6.

During the investigation, several witnesses were interviewed. ECF # 11-2, ¶16. Plaintiff had an opportunity to review those interviews and other evidence. *Id.* On January 27, 2020, Plaintiff wrote to Defendant Parkey and UA that there was a belief that the investigation had been done in an unprofessional manner that so tainted the investigation that it was highly unlikely that Plaintiff could receive a fair and impartial adjudication. ECF # 11-2, ¶ 18, ECF # 11-5.

On March 2, 2020, Defendant Childress emailed Plaintiff and informed him that the investigator was reassigned. No explanation as to good cause for the extension of the investigation was provided. ECF # 11-2, ¶ 19, ECF #11-6. In response, on March 3, 2020, Plaintiff's counsel emailed Defendant Childress and pointed out that the investigation's timelines had elapsed and that good cause for an extension did not exist. ECF # 11-2, ¶20, ECF # 11-7.

Despite awareness of the tainted investigation and it not being conducted in a timely manner, UA proceeded with investigating the matter. ECF # 11-2, ¶19-24, ECF ## 11-6,

11-7, 11-8. On July 8, 2020, Plaintiff was found responsible for one of the charges against him. See ECF # 32-1.

During the pendency of this investigation, Plaintiff has suffered and continues to suffer severe emotional distress. ECF # 11-2, ¶25. He is severely depressed and has attempted suicide. *Id.* ¶26. His physical health has also suffered in that he has lost significant weight and is losing hair. *Id.* ¶ 27.

Plaintiff's academic career is also suffering. He is intending to pursue a career in archaeology and has been delayed because of the ongoing investigation. *Id.* 28.

Plaintiff filed his lawsuit claiming that the conduct of the investigation has violated his due process rights, breached the contract he had with UA incorporating the sexual harassment policy, that UA violated the Alaska administrative procedures act, as well as claims for breach of contract and negligence.

## **LEGAL STANDARD**

Plaintiff will not repeat the Summary Judgment standard as Defendants has adequately stated the standard.

Under the Fifth Amendment to the U.S. Constitution, "no person shall be deprived of life, liberty, or property without due process of law." This provision of the Fifth Amendment applies to States under the Fourteenth Amendment of the U.S. Constitution. The Supreme Court has made clear that severe sanctions of students require that the student be afforded due process:

> The Court's view has been that as long as a property deprivation is not *de minimis*, its gravity is irrelevant to the question whether account must be taken of the Due Process Clause. *Sniadach* v. *Family Finance Corp.*, 395 U.S. 337, 342 (1969) (Harlan, J., concurring); *Boddie* v. *Connecticut*, 401 U.S. 371, 378-379 (1971); *Board of Regents* v. *Roth, supra*, at 570 n. 8. A 10-day suspension from school is not *de minimis* in our view and may not be imposed in complete disregard of the Due Process Clause.
>
> *Goss v. Lopez*, 419 U.S. 565, 576, 95 S. Ct. 729, 737 (1975)

Expanding upon Goss, the Ninth Circuit opined on the elements of a due process claim in an educational context:

> A procedural due process claim has two elements: deprivation of a constitutionally protected liberty or property interest and denial of adequate procedural protection. *Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).
>
> …
>
> The Supreme Court has had occasion to consider this threshold inquiry in several cases. First, in *Goss v. Lopez*, 419 U.S. 565, [*971] 95 S. Ct. 729, 42 L. Ed. 2d 725 (1975), the Supreme Court held that temporary suspensions of public high school students without notice or a hearing implicated the students' protected interest in "avoid[ing] unfair or mistaken exclusion from the educational process, with all of its unfortunate consequences." *Id*. at 576. The Court reasoned that, "[h]aving chosen to extend the right to an education to people of appellees' class generally, [the state] may not withdraw that right on grounds of misconduct absent, fundamentally fair procedures to determine whether the misconduct has occurred." *Id*. at 574.
>
> *Krainski v. State ex rel. Bd. of Regents*, 616 F.3d 963, 970-71 (9th Cir. 2010)

In adjudicating disciplinary charges, "[t]he right to an impartial decision maker is a fundamental right which requires due process of law before it is denied." *Charfauros v.*

*Bd. of Elections*, No. 99-15789, 2001 U.S. App. LEXIS 15083, at *44 (9th Cir. May 10, 2001). "It is well-settled that the Due Process Clause prevents the state from depriving a plaintiff of a protected property interest without "a fair trial in a fair tribunal." (Citing to *In re Murchison,* 349 U.S. 133, 136, 99 L. Ed. 942, 75 S. Ct. 623 (1955)). *Stivers v. Pierce*, 71 F.3d 732, 741 (9th Cir. 1995).

## ARGUMENT

Defendants' entire motion presumes that Plaintiff seeks redress for investigating claims against Plaintiff under Title IX. No so. Plaintiff's claims are based on (1) Defendant Parkey irreparably corrupted the investigation through his conduct and (2) the investigation was constructively completed in Plaintiff's favor when it was not concluded within the required time and was not extended. By continuing the tainted investigation beyond the time allowed after the investigation was corrupted, Plaintiff's constitutional rights were violated. If it turns out that the investigation was so corrupted that Plaintiff could not receive a fair adjudication, then he is entitled to redress. Similarly, if the investigation was required to conclude in a specific time, the failure to complete the investigation in that time should have deemed the investigation completed without a finding of responsibility. Plaintiff is also entitled to redress for this violation.

### I. Summary Judgment is Premature as Discovery has not yet Commenced

In accordance with the scheduling orders of this Court, discovery has not yet commenced. See the Declaration of Keith Altman attached as Exhibit "A." To the extent that there are questions of fact to be determined and for which discovery is outstanding,

the motion should be denied in accordance with Fed. R. Civ. P. 56(d). See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5, (1986) (providing that "summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition"); *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (similar).

For example, Defendants submitted declarations of Sarah Childress in support of their motion. See ECF ## 16 and 33. Plaintiff has had no opportunity to examine Ms. Childress on the integrity and accuracy of those declarations. It would be unfair for Defendants to obtain any statements they like from Ms. Childress without Plaintiff having the ability to test those statements. Defendants themselves concede that the use of "uncorroborated and self-serving" testimony is inappropriate. Def. Brief ECF #32, pageID 20 of 37. Defendants brief also contains an interpretation of Childress's timeline and claims that delays in the proceedings were due to Plaintiff. Without an opportunity to fully examine the timeline through discovery, how can Plaintiff properly rebut Defendant?

There are other important questions of fact to be developed. First, was the investigation so corrupted by Defendant Parkey's conduct that Plaintiff was unable to receive a fair adjudication? Second, as mentioned above, did good cause exist for the investigation to have been extended beyond the approximately 50 days in which it was required to be concluded. The answers to both of these questions will have a significant impact on Plaintiff's claims.

For example, if the investigation was not allowed to continue beyond the 50 days, then is Plaintiff entitled to redress for the Defendants knowingly continuing the investigation improperly? Same too for the corruption of the investigation by Parkey.

Lastly, as Defendants have pointed out, the final adjudication of the underlying Title IX complaint is still in progress. At the time Plaintiff's brought the claim, it was before the decision on the Title IX charges because it was Plaintiff's position that the Title IX investigation was tainted and had timed out, ending the inquiry. It was also Plaintiff's position that even if the inquiry was terminated in Plaintiff's favor by the Court or through its natural progression, Plaintiff still had claims against Defendants.

Knowing the final outcome of the investigation will influence the case's conduct as well understood by the Court, which allowed the parties to propose a schedule that is dependent on the date of the final adjudication. As discussed above, Discovery in this matter is critical.

Defendants' had an opportunity to move for dismissal on 12(b)(6) grounds or 12(c) grounds. They opted not to do so, despite representing to the Court that they would be filing a motion to dismiss. See ECF 22, p. 7. It is worth noting that Defendant is trying to bring a motion to dismiss disguised as a summary judgment motion. Moving for summary judgment under Rule 56 before any discovery has taken place is ambush litigation. The Court should deny Defendants' motion as premature and allow discovery to take place in advance of any future motion. If the Court considers the motion at this time, the Court should treat it as a motion to dismiss and hold the parties to that standard.

## II. Only One of Plaintiff's Claims Seeks Injunctive Relief

Contrary to Defendant's assertions, only one of Plaintiff's ten causes of action seeks injunctive relief (Count I). Compl. ¶¶ 70-76. This misrepresentation is consequential because Defendants' arguments are based on the alleged pervasive nature of injunctive relief throughout the complaint. Thus, Younger Abstention can only apply to Count I.

Although Plaintiff disagrees that Younger Abstention applies in a circumstance where the proceedings were not permitted to take place, such as the instant case, Plaintiff will concede the issue with respect to Count I except for ¶ 74 (e) requesting "that Defendant UA is enjoined from employing surveillance that records audio without the consent of participants." The relief sought is not limited to the underlying Title IX investigation and is illegal under AS 42.20.310. Defendants' motion does not address the eavesdropping issue and should be denied in that regard.

## III. MacDonald Has Been Deprived of Constitutional Rights.

Plaintiffs' due process claims are based on (1) Defendant's continuation of the investigation beyond the time limit involved, and (2) the improper investigation conducted by Defendants. Thus, Defendants' suggestions as to the basis of the due process claims are incorrect. Had Defendants complied with their policies and requirements and closed the investigation when it was not completed timely, Plaintiff would have no claim. Now, even if he is completely vindicated, something which is in question as he has already been found responsible for one of the allegations, Plaintiff will still have suffered injuries because of Defendants' above conduct.

By continuing the tainted investigation beyond the time limits without notice of good cause, Plaintiff suffered emotional distress beyond what would have been associated with an appropriately conducted investigation. Plaintiff also sustained damages to reputation and expended attorney's fees beyond what should have been required had the investigation been appropriately conducted in a timely manner. Since he has been found responsible for one of the charges due to the tainted investigation, he has suffered a cognizable injury. Taken together, this certainly demonstrates a deprivation of Plaintiff's rights.

Defendants' argument concerning reputational damage must fail for the simple reason that it is based on whether the injury to his reputation is adequate. To determine whether the injury is "adequate" requires a factual analysis, which is not possible before discovery has taken place. His reputation among his professors was tarnished, which will forever impact his ability to rely on those individuals as references. For example, *see* Compl. ¶ 41, "At Parkey's prompting, Baker told Professor Erica Hill that Plaintiff was a sexual predator and convinced her not to write a letter of recommendation for him." Such a statement certainly concretely impacts Plaintiff. Furthermore, Parkey's conduct of the investigation is one of the bases of Plaintiff's claims.

As to failing to follow the procedures, Plaintiff has suffered a clear injury due to the lapse. Curiously, Defendant suggests that the "Ninth Circuit has repeatedly declined to infer a constitutionally protected liberty interest law or regulation that merely outlines procedural requirements, even if such procedures are considered mandatory" yet cites to a single unpublished decision. Where are the repeated decisions?

As to claims of attorney's fees, Plaintiff does not claim fees associated with the initial investigation. Plaintiff's claims for fees are limited to those fees incurred due to (1) Defendant's continuation of the investigation beyond the time limit involved and (2) the improper investigation conducted by Defendants. The extent and nature of these fees have not been established at this time, and Defendants have certainly not met their burden to establish their right to dismissal as a matter of law by citing a few out of circuit opinions without discussing more. Furthermore, if Plaintiff prevails on his constitutional claims, he will be entitled to seek his fees expended in vindication of those rights. *See* 42 U.S.C. § 1988(b).

Defendants' brief is completely lacking concerning the due process claims. It does nothing more than cite a case here or there without showing how Plaintiff's claims should be dismissed as a matter of law and without discovery having taken place. The Court should deny the motion concerning the due process claims. Also, any reference Defendants make to the possibility of qualified immunity should be ignored by the Court as Defendants failed to plead qualified immunity as an affirmative defense. *See* 5 Charles Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1278 (3d ed. 1998) ( "It is a frequently stated proposition of virtually universal acceptance by the federal courts that a failure to plead an affirmative defense as required by Federal Rule 8(c) results in the waiver of that defense and its exclusion from the case.").

### IV. Plaintiff's State Court Claims Should Not Be Dismissed

Aside from the substance of the claims, Defendants argue in one sentence in a footnote that the Court should decline jurisdiction over the state court claims but provides no basis for the court to deny supplemental jurisdiction. Even if the federal claims are dismissed, this Court still has jurisdiction as Plaintiff is a citizen of Washington, all Defendants are diverse from Plaintiff, and the amount in question exceeds $75,000.

### A. UA is Subject to the Administrative Procedures Act

Alaska's APA, AS 44.62, *et seq.* applies to UA, and Defendants misread the statute. Defendants are correct that AS 44.62.330 through 44.62.630 do not apply to UA. *See* AS 44.62.330 ("The procedure of the state boards, commissions, and officers listed in this subsection or of their successors by reorganization under the constitution shall be conducted under AS 44.62.330 - 44.62.630."). Defendants ignore AS 44.62.010-AS 44.62.320, which do not have any limitations on applicability and apply to all agencies. Thus, the Court should deny Defendants' motion in this regard.

### B. There is a Contractual Relationship Between Plaintiff and UA

Plaintiff had a contractual relationship with UA. If a contract did not exist at the time Plaintiff matriculated, it certainly existed once he was advised of the Title IX complaint against him and he was provided with the policies and procedures of the investigation. See *Doe v. Sarah Lawrence Coll.*, No. 19-CV-10028 (PMH), 2020 U.S. Dist. LEXIS 64245, at *27 (S.D.N.Y. Apr. 10, 2020). ("Here, Plaintiff alleges that SLC mishandled and failed to investigate her Title IX complaint, and was not informed she was protected from retaliation or offered any accommodations or interim measures, in

accordance with SLC's Policy. Compl. ¶¶ 35-36, 82-83, 137-38. Such facts give rise to the inference that SLC breached its agreement to resolve Plaintiff's allegations of sexual misconduct in a manner consistent with the terms of the Policy. … Therefore, viewing these facts in the light most favorable to the Plaintiff, the complaint plausibly states a breach of contract claim.")

Defendant's citation to *Hunt v. Univ. of Alaska, Fairbanks*, 52 P.3d 739, 744-45 (Alaska 2002) is entirely misleading. There, the Court passed on whether there was a contract because it determined that Defendant had complied with the terms of the student handbook.

Defendant has fallen far short of its burden to establish that Plaintiff's breach of contract claims fail as a matter of law. Therefore, the Court should deny their motion in that regard.

### C. Defendants Owe Plaintiff a Duty of Care

Defendants owed duties to Plaintiff as specified in the complaint. See Compl. ¶¶ 153, 158. In response, Defendants proclaim that the Title IX negligence claims must be dismissed because "[d]efendants are not aware of, nor were they able to find, any precedent in which a court found that an accused individual was entitled to a duty of care when conducting a Title IX investigation.

In support of this notion, Defendants cite to one single out of district case to support their proposition that there is no duty of care in the conduct of an investigation. *See Doe*

*v. Syracuse Univ.*, 440 F. Supp. 3d 158, 181 (N.D.N.Y. 2020). Clearly, Defendants did not perform an adequate search because the same case supporting Plaintiff's breach of contract claims, *Doe v. Sarah Lawrence Coll.*, came to the opposite conclusion two months after *Doe v. Syracuse Univ.* : "The Court finds there is at least a plausible inference that Defendants owed Plaintiff a special duty, breached such duty by mishandling her investigation, and had knowledge of their employees' propensity for such conduct." *Doe v. Sarah Lawrence Coll.*, No. 19-CV-10028 (PMH), 2020 U.S. Dist. LEXIS 64245, at *29 (S.D.N.Y. Apr. 10, 2020). Thus, Defendants' position is supported with no more weight than Plaintiff's and this Court should deny the motion with as to negligence for Title IX.

Concerning McCarthy's negligence associated with disclosing surveillance video of Plaintiff, Defendants do not address this in their motion as this duty has nothing to do with Title IX. Defendants' motion should be denied as to McCarthy's negligence.

## CONCLUSION

For the above reasons, this court should deny Defendants' motion as premature because discovery has not yet commenced. In the event that the Court entertains the motion at this time, the Court should consider the motion a motion to dismiss and adjudicate the motion on that standard as it is not properly a motion for summary judgment. Lastly, because Plaintiff has never amended the complaint, should the Court conclude that any portion of the complaint should be dismissed, Plaintiff respectfully requests that the Court allow Plaintiffs the opportunity to amend in accordance with Fed. R. Civ. P. 15, leave of which shall be freely given. See *Foman v. Davis*, 371 U.S. 178, 182 (1962).

                                              Respectfully submitted,

Dated: October 16, 2020                /s/ Keith L. Altman
                                              Keith Altman (*pro hac vice*)
                                              The Law Office of Keith Altman
                                              33228 West 12 Mile Road, Suite 375
                                              Farmington Hills, MI 48334
                                              (516)456-5885
                                              kaltman@lawampmmt.com

                                              *Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

On October 16, 2020, I served a copy of the foregoing Plaintiff's Opposition to Defendants' Motion for Summary Judgment, in the above-captioned matter by ECF, who would have distributed the filing to all counsel of record.

*/s/Keith Altman*
Keith Altman