Michael E. O'Brien
MOBrien@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorneys for Defendants
THE UNIVERSITY OF ALASKA, SARA
CHILDRESS IN HER INDIVIDUAL AND
SUPERVISORY CAPACITY, CHASE
PARKEY IN HIS INDIVIDUAL AND
SUPERVISORY CAPACITY, SEAN
MCCARTHY, JON TILLINGHAST

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL MACDONALD,<br><br>       Plaintiff,<br><br>  v.<br><br>THE UNIVERSITY OF ALASKA, SARA CHILDRESS IN HER INDIVIDUAL AND SUPERVISORY CAPACITY, CHASE PARKEY IN HIS INDIVIDUAL AND SUPERVISORY CAPACITY, SEAN MCCARTHY, JON TILLINGHAST, AND JOHN DOES 1-25,<br><br>       Defendants. | Case No. 1:20-cv-00001-SLG |

**REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**ARGUMENT**

Defendants University of Alaska ("University"), Sara Childress ("Childress") in her individual and supervisory capacity, Chase Parkey ("Parkey") in his individual and supervisory capacity, Sean McCarthy ("McCarthy"), and Jon Tillinghast ("Tillinghast") (collectively as "Defendants") filed a motion for summary judgment ("Motion") regarding Plaintiff Daniel MacDonald ("MacDonald")'s First through Tenth Causes of Action. In response to Defendants' Motion, MacDonald filed an Opposition and submitted a declaration from his counsel regarding allegedly necessary discovery ("Opposition Declaration"). However, the Plaintiff's Opposition Declaration is a red herring and he fails to demonstrate that any of the requested discovery is essential to overcoming Defendants' Motion. All of the facts necessary to decide Defendants' Motion have been developed and are undisputed. Such facts clearly demonstrate, as set forth below, that MacDonald's claims are properly subject to dismissal pursuant to Federal Rule of Civil Procedure ("Rule") 56.

## I. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IS PROCEDURALLY PROPER.

As a preliminary matter, MacDonald contends that summary judgment is premature since discovery has not yet commenced.[1] However, "Rule 56 does not require

---

[1] *See* Opp'n, pp. 5-6. MacDonald has failed to comply with the technical requirements of Federal Rule of Civil Procedure ("Rule") 56(d), which, as a matter of law, is a proper

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
*MacDonald v. University of Alaska, et al.*
1:20-cv-00001-SLG
Page 1 of 15

149960800.1

that any discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion, Rule 56(f)[2] is his remedy."[3] And while MacDonald's Opposition makes one fleeting citation to Rule 56(d), he has completely failed to comply with Rule 56(d)'s requirements.[4] The Ninth Circuit has repeatedly held that a party seeking additional discovery must "explain what further discovery would reveal that is 'essential to justify [its] opposition' to the motion[] for summary judgment."[5] In particular, the Ninth Circuit requires the requesting party to show the following three

---

basis for denying discovery and proceeding to summary judgment. *See State of Cal., on Behalf of California Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (internal citations omitted) ("References in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f)." Rather, Rule 56(f) requires litigants to submit affidavits setting forth the particular facts expected from further discovery. We have stated that "[f]ailure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment."). Defendants nonetheless substantively address why MacDonald's attempted Rule 56(d) request also should be denied on the merits.

[2] "Federal Rule of Civil Procedure 56(d) was, until December 1, 2010, codified as Federal Rule of Civil Procedure 56(f)." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 676 n.8 (9th Cir. 2018).

[3] *Pac. Rim Land Dev., LLC v. Imperial Pac. Int'l (CNMI), LLC*, No. 19-CV-00016, 2020 WL 1942454, at *4 (D. N. Mar. I. Apr. 23, 2020) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (collecting cases); *see also Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648 (7th Cir. 2006) ("the fact that discovery is not complete—indeed has not begun—need not defeat a motion for summary judgment.").

[4] MacDonald's Opposition also requests, without any legal support, that "the Court should treat Defendants' [Motion] as a motion to dismiss." However, such proposition can be summarily dismissed.

[5] *Program Eng'g, Inc. v. Triangle Publications, Inc.*, 634 F.2d 1188, 1194 (9th Cir. 1980) (first alteration in original) (citations omitted).

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
*MacDonald v. University of Alaska, et al.*
1:20-cv-00001-SLG
Page 2 of 17

149960800.1

Case 1:20-cv-00001-SLG   Document 37   Filed 10/30/20   Page 3 of 18

things: (1) he has set forth in affidavit form the specific facts he hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.[6] MacDonald has not, and cannot, satisfy this three-part test justifying additional discovery.

MacDonald's Opposition Declaration is perfunctory and fails to demonstrate that the sought-after facts exist and how such purported facts are "essential" to oppose summary judgment. First, MacDonald's Opposition Declaration fails to address the second element of the three-part test under Rule 56(d)—that the sought after facts actually exist. Indeed, MacDonald's Opposition Declaration does not provide any basis or factual support for his assertions that further discovery would lead to the facts and testimony he described in the Opposition Declaration, which on this basis alone should result in the denial of MacDonald's request for additional discovery.[7] And, although MacDonald's Opposition asserts that additional discovery will "assist in the development of various vital questions in the pending litigation,"[8] MacDonald fails to establish a direct connection between the facts he seeks and the issues raised in Defendants' Motion, which

---

[6] *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).
[7] *See Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998); *see also Stevens*, 899 F.3d at 678 (explaining that a party is not required to accurately predict what further discovery will reveal, but that a party must demonstrate that the sought-after evidence is "more than 'the object of pure speculation.'") (citations omitted).
[8] Decl., ¶ 9.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
*MacDonald v. University of Alaska, et al.*
1:20-cv-00001-SLG
Page 3 of 17

149960800.1

Case 1:20-cv-00001-SLG   Document 37   Filed 10/30/20   Page 4 of 18

is fatal to his Rule 56(d) request.[9] More importantly, he does not specify *how* such facts are essential to oppose Defendants' Motion. MacDonald's Opposition Declaration does "nothing more than establish that the sought-after discovery is generically relevant to issues raised in this litigation."[10] This does not suffice under Rule 56(d).[11] None of the purported "important questions of fact" are actually material to the disposition of this case or would illuminate on the determinative inquiries in this matter.[12] The additional discovery sought by MacDonald would not alter the legal analysis, as more fully set forth below, and all of MacDonald's claims should be dismissed.

Moreover, considering summary judgment at this stage is vital because of Defendants' abstention and qualified immunity defenses. The Supreme Court has "repeatedly" emphasized that courts should decide qualified immunity "'at the earliest possible stage in litigation' in order to preserve the doctrine's status as a true 'immunity

---

[9] *Dual Diagnosis Assessment & Treatment Ctr. Inc v. California Dep't of Health Care Servs.*, No. 213CV06935SVWAJW, 2015 WL 13764909, at *2 (C.D. Cal. Sept. 8, 2015) (citing *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006))
[10] *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 461 F. Supp. 2d 1188, 1192 (C.D. Cal. 2006), *aff'd,* 525 F.3d 822 (9th Cir. 2008) (denying plaintiffs' Rule 56(f) motion because they failed to "articulate any specific facts they hope to elicit, let alone establish that those facts actually exist or how they are essential to a successful opposition to the issues raised in the motion for summary judgment.").
[11] *See id.*
[12] *Stevens*, 899 F.3d at 679.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
*MacDonald v. University of Alaska, et al.*
1:20-cv-00001-SLG
Page 4 of 17

149960800.1

from suit rather than a mere defense to liability.'"[13] Similarly, Defendants' arguments regarding abstention is an issue of "'judicial administration' that [is] appropriately decided early in the proceeding."[14] Accordingly, consideration of Defendants' Motion at this stage is appropriate.

## II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED BASED ON APPLICATION OF THE *YOUNGER* ABSTENTION DOCTRINE.

MacDonald's Opposition does not dispute that the University's Title IX investigation is ongoing, constitutes a quasi-enforcement action, implicates an important state interest, and allows litigants to raise a federal challenge and, as such, the *Younger* abstention doctrine is applicable. MacDonald's only attack against Defendants' arguments regarding the application of the *Younger* abstention doctrine is that "[a]bstention can only apply to Count I," because that is the only cause of action seeking injunctive relief.[15] A close review of MacDonald's Complaint, however, reveals otherwise.

MacDonald's general request for relief, which applies to all of his causes of action, requests "declaratory relief that Defendants' conduct violated Plaintiff's due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution,"[16] "injunctive relief declaring that Defendants' action [are] unlawful, and enjoining

---

[13] *Morales v. Fry*, 873 F.3d 817, 822 (9th Cir. 2017) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).
[14] *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (quoting *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50–51, 58 S.Ct. 459, 82 L.Ed. 638 (1938)).
[15] Opp'n, p. 11.
[16] *See* ECF No. 1 ("Complaint"), at ¶ 166a.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
*MacDonald v. University of Alaska, et al.*
1:20-cv-00001-SLG
Page 5 of 17

149960800.1

preliminarily and permanently, investigation of Plaintiff…,"[17] "[o]rder [the University] to cease surveillance…,"[18] and "[g]rant the Plaintiff injunctive relief as appropriate."[19] Contrary to his claims, all of MacDonald's causes of action request declaratory relief.

MacDonald also concedes that the facts necessary to application of the *Younger* abstention doctrine. He admits in his Opposition that "final adjudication of the underlying Title IX complaint is still in progress."[20] This fact confirms, rather than undermines, Defendants' arguments that the *Younger* abstention doctrine is appropriate based on the undisputed facts. Indeed, application is appropriate where the relief sought in the federal case would interfere with the underlying proceeding.[21] Such is the case here, as MacDonald seeks an order that would prohibit the University from completing its Title IX process. Accordingly, the Court should grant Defendants' Motion based on application of the *Younger* abstention doctrine.

### III. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED AS TO MACDONALD'S DUE PROCESS CLAIMS.

MacDonald's Due Process Claims (First through Fifth Causes of Action) are

---

[17] Complaint, at ¶ 166b.
[18] Complaint, at ¶ 166c.
[19] Complaint, at ¶ 166d.
[20] Opp'n, p. 7.
[21] *See Marcus & Millichap Real Estate Inv. Servs. of Nevada, Inc. v. Chandra*, 822 F. App'x 597, 600 (9th Cir. 2020) (explaining that dismissal based on the *Younger* abstention doctrine was warranted where allowing a case to proceed would interfere with "Nevada's ongoing state proceedings, which [p]laintiffs seek to enjoin in this federal case and which implicate the same constitutional claim at issue here"); *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1096 (9th Cir. 2008) (noting that where the relief sought would involve terminating or truncating the underlying proceeding, the court must abstain absent evidence of "bad faith, harassment, or an extraordinary circumstance").

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
*MacDonald v. University of Alaska, et al.*
1:20-cv-00001-SLG
Page 6 of 17

149960800.1

Case 1:20-cv-00001-SLG   Document 37   Filed 10/30/20   Page 7 of 18

subject to dismissal because MacDonald fails to create an issue of fact regarding a key element of a due process claim. Moreover, Defendants are entitled to qualified immunity.

### A. MacDonald Fails to Identify a Deprivation of a Constitutionally Protected Property or Liberty Interest.

MacDonald's Opposition fails to cure the key reason his Due Process Claims are subject to dismissal as identified in Defendants' Motion: he has not actually suffered a deprivation of any constitutionally protected property or liberty interest.[22] MacDonald's Opposition misses the mark and only focuses on his purported denial of adequate procedural protection.[23] But, a denial of adequate procedural protection is meaningless without also demonstrating that MacDonald has suffered a deprivation of a constitutionally protected property or liberty interest.[24] Defendants' Motion set forth four possible constitutionally protected interests—as it was not entirely clear from the record what interest he was claiming he had been deprived—yet, MacDonald's Opposition only

---

[22] Motion, at pp. 25-30.
[23] Opp'n, p. 8 ("Plaintiff's due process claims are based on (1) Defendants' continuation of the investigation beyond the time limit involved, and (2) the improper investigation conducted by Defendants. Thus, Defendants' suggestions as to the basis of the due process claims are incorrect. Had Defendants complied with their policies and requirements and closed the investigation when it was not completed timely, Plaintiff would have no claim.").
[24] *See Tatum*, 441 F.3d at 1100 (affirming summary judgment order where plaintiff suffered no deprivation of a constitutional right); *Valdez v. Rosenbaum*, 302 F.3d 1039, 1042, 1049 (9th Cir. 2002) (same).

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
*MacDonald v. University of Alaska, et al.*
1:20-cv-00001-SLG
Page 7 of 17

149960800.1

addresses three of the four interests.[25] MacDonald argues that: (1) his reputation was tarnished; (2) Defendants did not identify repeated Ninth Circuit decisions that declined to infer a constitutionally protected interest based on the failure to follow internal rules; and (3) MacDonald is seeking attorney's fees based on the improper investigation conducted by Defendants and would be entitled to attorney's fees if he was the prevailing party in this matter. None of MacDonald's arguments are availing or demonstrate that summary judgment should not be granted.

Even assuming *arguendo* that "[h]is reputation among his professors was tarnished, which will forever impact his ability to rely on those individuals as references," is true, MacDonald still fails to set forth any facts establishing that he has suffered harm *in addition* to this alleged reputational damage as required under the stigma-plus test.[26] And, although MacDonald states the injury to his reputation requires a factual analysis that is not possible before the completion of discovery,[27] MacDonald's Opposition and Opposition Declaration fail to set forth any alleged facts he believes would be uncovered during discovery to support this claim.[28] Nonetheless, "'reputation alone, apart from

---

[25] Motion, p. 20; Opp'n, pp. 9-10.
[26] *See Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 970 (9th Cir. 2010).
[27] Opp'n, p. 9.
[28] As discussed above, in Section I, such statements do not comport with Rule 56(d) or preclude summary judgment.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
*MacDonald v. University of Alaska, et al.*
1:20-cv-00001-SLG
Page 8 of 17

149960800.1

some more tangible interests,' does not constitute 'liberty or property by itself sufficient to invoke the procedural protection of the Due Process Clause.'"[29] MacDonald has done nothing more than establish the type of reputational damage—impairment of future employment or educational opportunities—that was flatly rejected by the Supreme Court.[30] MacDonald's conclusory allegations regarding "severe emotional distress" and conclusory suggestions of the "loss of liberty" similarly do not satisfy the stigma-plus test.[31]

Next, MacDonald attacks the sufficiency of the cases cited in Defendants' Motion, without setting forth any case law of his own. The Ninth Circuit, as set forth in Defendants' Motion, has repeatedly declined to infer a constitutionally protected liberty interest law or regulation that merely outlines procedural requirements, even if such procedures are considered mandatory.[32] MacDonald also claims that Defendants have

---

[29] *Krainski*, 616 F.3d at 971 (citing *Paul v. Davis*, 424 U.S. 693, 693, 701, 709-10 (1976)).
[30] *See Paul*, 424 U.S. at 712 (explaining that loss of future employment "does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law, nor has it worked any change of respondent's status as theretofore recognized under the State's laws.").
[31] *Krainski*, 616 F.3d at 971.
[32] Defendants cited to one of the more recent cases regarding that collected the body of Ninth Circuit caselaw regarding this issue, but to rebut MacDonald's senseless proposition, Defendants more fully set forth that body of caselaw herein. *See C.R. v. Eugene Sch. Dist. 4J*, 835 F.3d 1142, 1154 (9th Cir. 2016) ("However, school administrators' 'purported failure to comply with their own administrative procedure does not, itself, constitute a violation of constitutional due process.'" (citing *Wynar v. Douglas Cty. Sch. Dist.*, 728 F.3d 1062, 1073 (9th Cir. 2013)); *James v. Rowlands*, 606

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
*MacDonald v. University of Alaska, et al.*
1:20-cv-00001-SLG
Page 9 of 17

149960800.1

"not met their burden to establish their right to dismissal as a matter of law [as to the expenditure of attorneys' fees constitute a deprivation of property] by citing a few out of circuit opinions." As noted in Defendants' Motion, the Ninth Circuit has not yet addressed this issue, and the three other circuits that have addressed this issue have all determined that the expenditure of fees "does not constitute a deprivation of property absent a statute or other rule requiring the government to pay the fees."[33] MacDonald does not set forth any other case law indicating otherwise, or set forth any facts that create a material dispute as to any potential constitutional right to attorney's fees in the underlying Title IX investigation.[34] Summary judgment, therefore, is warranted on MacDonald's Due Process Claims because Defendants' purported underlying conduct does not deprive MacDonald of a constitutionally protected right.

---

F.3d 646, 656–57 (9th Cir.2010); *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir.1993); *Bostic v. Carlson*, 884 F.2d 1267, 1270 (9th Cir.1989); *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1471 (9th Cir.1984) ( "[A] state agency's violations of its own internal rules not otherwise constitutionally required would not give rise to a due process violation." (citing *Board of Curators, Univ. of Mo. v. Horowitz*, 435 U.S. 78, 92, n. 8 (1978)).

[33] *Trenado v. County of Orange*, No. SA CV 17-2062-DOC (SSx), 2018 WL5816202, at *8 (C.D. Cal. May 2, 2018).

[34] MacDonald cites to 41 U.S.C. § 1988(b) for the proposition that he would be entitled to attorney's fees if he prevails on his constitutional claims, but this point is a non sequitur. It would render the second element of a due process claim—the deprivation of a constitutionally protected interest—meaningless if an individual could claim the right to attorney's fees in its federal lawsuit as a constitutionally protected interest. The key is that an individual suffered a deprivation of a constitutionally protected interest in the underlying event giving rise to a due process claim, not in vindicating a due process claim.

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
*MacDonald v. University of Alaska, et al.*
1:20-cv-00001-SLG
Page 10 of 17

149960800.1

Case 1:20-cv-00001-SLG   Document 37   Filed 10/30/20   Page 11 of 18

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

### B. MacDonald Fails to Demonstrate that Qualified Immunity is Inapplicable to Defendants' Actions.

MacDonald's only argument regarding qualified immunity is that "Defendants failed to plead qualified immunity as an affirmative defense," and, therefore, should be ignored by the Court.[35] The Ninth Circuit, however, has determined that the affirmative defense of qualified immunity may be raised for the first time at summary judgment in the absence of a showing of prejudice.[36] MacDonald has not claimed prejudice, nor are there any facts in the record that would suggest any such prejudice. Therefore, Defendants have not waived qualified immunity and it is appropriately before the Court on Defendants' Motion.[37]

MacDonald apparently concedes the applicability of qualified immunity given his failure to substantively address Defendants' arguments in their Motion regarding this issue.[38] "[I]t is not the Court's task 'to scour the record in search of a genuine issue of triable fact,' and it 'need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate

---

[35] Opp'n, p. 10.
[36] *See e.g., Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993).
[37] *See id.*
[38] *See Bolbol v. City of Daly City*, 754 F. Supp. 2d 1095, 1115 (N.D. Cal. 2010) (granting summary judgment based on plaintiff's failure to respond to an issue in her opposition brief).

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
*MacDonald v. University of Alaska, et al.*
1:20-cv-00001-SLG
Page 11 of 17

149960800.1

references so that it could conveniently be found.'"³⁹ As such, Defendants are entitled to qualified immunity.⁴⁰

## IV. MACDONALD FAILS TO CREATE MATERIAL ISSUE OF FACT REGARDING HIS STATE LAW CLAIMS.

MacDonald's Opposition fails to set forth any viable arguments that his Sixth through Tenth Causes of Action (collectively referred to as "State Law Claims") should not be dismissed based on the arguments set forth in Defendants' Motion. (Mot., pp. 25-28.)

### A. The University is not an Agency Subject to the Applicable Provisions of the Administrative Procedures Act.

MacDonald's Opposition points to AS 44.62.010-AS 44.62.320 as the applicable provisions of the Administrative Procedures Act ("APA") and states that these portions of the APA "do not have any limitations and apply to all agencies.⁴¹ However, MacDonald is plainly incorrect—"the legislature exempted the University of Alaska from the APA."⁴²

Moreover, assuming *arguendo* that AS 44.62.010-AS 44.62.320 does apply to the

---

³⁹ *Boyd v. Alameda Cty.*, No. C 02-02461 SI, 2005 WL 2171870, at *4 (N.D. Cal. Sept. 6, 2005) (quoting *Kennan v. Allan,* 91 F.3d 1275, 1278 (9th Cir. 1996), and *Carmen v. San Francisco Sch. Dist.,* 237 F.3d 1026, 1031 (9th Cir. 2001)).
⁴⁰ Motion, p. 24.
⁴¹ Opp'n, p. 11.
⁴² *Sengupta v. Univ. of Alaska*, 21 P.3d 1240, 1256 n.16 (Alaska 2001).

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
*MacDonald v. University of Alaska, et al.*
1:20-cv-00001-SLG
Page 12 of 17

149960800.1

Case 1:20-cv-00001-SLG   Document 37   Filed 10/30/20   Page 13 of 18

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

University, such provisions would only relate to its ability to adopt regulations. However, this matter is concerned with the implementation of regulations, not their adoption. Specifically, MacDonald's Complaint alleges that the University failed to comport with its procedures as set forth in P01.04.[43], which would relate to the APA's adjudication procedures, which "are intended to ensure a fair application of policy to parties," and are set forth in AS 44.62.330-44.62.630.[44]

One of MacDonald's primary issues with the University's Title IX investigation relates to his "belief that the investigation had been done in an unprofessional manner that so tainted the investigation that it was highly unlikely that [MacDonald] could receive a fair and impartial adjudication."[45] AS 44.62.630 directly deals with this exact adjudication issue—"impartiality"—further confirming that AS 44.62.330-44.62.630 is the section of the APA that would be applicable to this matter. But MacDonald has

---

[43] Complaint, at 127-128.

[44] *McGrath v. Univ. of Alaska*, 813 P.2d 1370, 1373 (Alaska 1991) (discussing the applicability of AS 44.62.330-44.62.630 regarding the process to be employed by the University in the conduct of pre-termination hearing, which was decided before the 1993 repeal of AS 44.62.330(a)(45) that explicitly included the University as a covered agency); *see also Odum v. Univ. of Alaska, Anchorage*, 845 P.2d 432, 434 (Alaska 1993) ("The procedure of the state boards ... listed in this subsection ... *shall be conducted* under AS 44.62.330–44.62.630. This procedure, including, but not limited to, accusations and statements of issues, service, notice and time and place of hearing ... conduct of hearing ... *shall be governed* by this chapter....") (quoting AS 44.62.330(a)) (emphasis in original).

[45] Opp'n, p, 2.

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
*MacDonald v. University of Alaska, et al.*
1:20-cv-00001-SLG
Page 13 of 17

149960800.1

Case 1:20-cv-00001-SLG   Document 37   Filed 10/30/20   Page 14 of 18

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

already conceded that AS 44.62.330-44.62.630 do not apply to the University,[46] meaning that even if the APA applied to the University, it would still be appropriate to dismiss MacDonald's claim with prejudice.

**B. MacDonald Fails to Demonstrate that there is a Contractual Relationship that Governed the University's Title IX Investigation.**

MacDonald fails to demonstrate that there is a contractual relationship that governed the Title IX investigation under applicable Alaska law. Again, MacDonald's Opposition attempts to undercut the caselaw set forth in Defendants' Motion without setting forth contrary case law and/or facts that create a material dispute as to its applicability. Alaska courts, which is an important consideration since this is a breach of contract claim based in state law, have never held that a contract, specifically a contract stemming from a university catalog, exists between a student and a university.[47] MacDonald concedes that a contract "did not exist at the time [he] matriculated, [but that] it certainly existed once he was advised of the Title IX complaint against him and he was provided with the policies and procedures of the investigation."[48] However, MacDonald cites to a case from the Southern District of New York that relied on *New York* state contract law, which explicitly recognizes that "an implied contract is formed when a

---

[46] Opp'n, p. 11.
[47] Motion, pp. 26-27.
[48] Opp'n, p. 11.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
*MacDonald v. University of Alaska, et al.*
1:20-cv-00001-SLG
Page 14 of 17

149960800.1

university accepts a student for enrollment."[49] The same cannot be said regarding Alaska state contract law.[50] Given that Alaska *has not* recognized a contractual relationship between a university and its student(s) based on its catalog and/or policies enumerated in a student handbook, MacDonald's breach of contract claim fails and should be dismissed.

### C. MacDonald Fails to Create a Material Issue of Fact Regarding a Cognizable Duty of Care.

MacDonald's Opposition fails to set forth any facts that plausibly could support his Negligence Claims (Ninth and Tenth Causes of Action). Instead, MacDonald misstates the findings of *Doe v. Sarah Lawrence Coll*,[51] which found that a duty may be owed to a *victim*—not the accused, such as MacDonald—in connection with a university's investigation into allegations of sexual misconduct. Indeed, as pointed out in Defendants' Motion, the handful of courts addressing the same set of facts as present here have ultimately dismissed negligence claims on the basis that the accused was not owed a duty of care.[52] Similarly, MacDonald has failed to set forth a specific duty of care owed

---

[49] *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 93 (2d Cir. 2011) (collecting New York state court cases).

[50] MacDonald correctly notes that the Supreme Court of Alaska declined to specifically rule on whether a catalog or handbook of a state university constitutes a contract between the student and the university. *See* Opp'n, p. 12. However, it is still the case that no Alaska state court has determined that a contractual relationship can be based on a university catalog or policies. *See* Motion, pp. 26-27.

[51] No. 19-CV-10028 (PMH), 2020 U.S. Dist. LEXIS 64245 (S.D.N.Y. Apr. 10, 2020).

[52] *See* e.g., Doe v. Syracuse Univ., 440 F. Supp. 3d 158, 181 (N.D.N.Y. 2020).

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
*MacDonald v. University of Alaska, et al.*
1:20-cv-00001-SLG
Page 15 of 17

149960800.1

Case 1:20-cv-00001-SLG   Document 37   Filed 10/30/20   Page 16 of 18

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

by McCarthy as it relates to Alaska's eavesdropping statute. As a matter of law, the inability to set forth a cognizable duty of care is fatal to MacDonald's Negligence Claims.[53]

## CONCLUSION

All of MacDonald's claims are properly subject to dismissal pursuant to Rule 56. The Court can appropriately consider the merits of Defendants' Motion as MacDonald has failed to properly raise a Rule 56(d) request for additional discovery. Substantively, none of MacDonald's Causes of Action hold muster against the arguments set forth in Defendants' Motion. The *Younger* abstention doctrine requires dismissal because allowing this matter to continue will interfere with the University's ongoing Title IX investigation. Moreover, MacDonald's Due Process Claims are subject to dismissal as MacDonald has not, and cannot demonstrate, that he has suffered a deprivation of a constitutionally protected interest. Finally, MacDonald's Opposition does not set forth any issue of material fact that would preclude this Court from granting Defendants' Motion as to MacDonald's State Law Claims. Accordingly, Defendants are entitled to summary judgment on all of MacDonald's claims, and the claims should be dismissed with prejudice.

---

[53] *Silvers v. Silvers*, 999 P.2d 786, 793 (Alaska 2000) (stating that "[a]s with any negligence case, the plaintiff must establish (1) a duty of care; (2) breach of the duty; (3) causation; and (4) harm").

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
*MacDonald v. University of Alaska, et al.*
1:20-cv-00001-SLG
Page 16 of 17

149960800.1

Case 1:20-cv-00001-SLG   Document 37   Filed 10/30/20   Page 17 of 18

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DATED: October 30, 2020.

**PERKINS COIE LLP**

s/ Michael E. O'Brien
Michael E. O'Brien
Alaska Bar No. 0311084

Attorneys for Defendants
THE UNIVERSITY OF ALASKA, SARA CHILDRESS IN HER INDIVIDUAL AND SUPERVISORY CAPACITY, CHASE PARKEY IN HIS INDIVIDUAL AND SUPERVISORY CAPACITY, SEAN MCCARTHY, JON TILLINGHAST

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2020 I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 1:20-cv-00001-SLG who are registered CM/ECF users will be served by the CM/ECF system.

s/ Michael E. O'Brien

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
*MacDonald v. University of Alaska, et al.*
1:20-cv-00001-SLG
Page 17 of 17

149960800.1

Case 1:20-cv-00001-SLG   Document 37   Filed 10/30/20   Page 18 of 18